154 P.3d 282 (2007)
STATE of Washington, Respondent,
v.
Gardner SALTZ, Appellant.
No. 24617-5-III.
Court of Appeals of Washington, Division 3.
March 15, 2007.
*283 Terry Jay Bloor, Benton County Prosecutor's Office, Kennewick, WA, for Respondent.
Susan Marie Gasch, Gasch Law Office, Spokane, WA, for Appellant.
SCHULTHEIS, A.C.J.
¶ 1 Gardner Saltz received an exceptional sentence for second degree malicious mischief. On appeal, he claims that one of the court's aggravating factorsthat prior unscored misdemeanors resulted in a presumptive sentence that was clearly too lenient violated Blakely[1] and Hughes[2] principles. And he asserts that the exceptional sentence cannot be upheld on the remaining aggravating factorrapid recidivism.
¶ 2 We conclude that although the "too lenient" determination is one for the jury, the sentence can be upheld on the substantial and compelling factor of rapid recidivism. Consequently, we affirm.

FACTS
¶ 3 Mr. Saltz was convicted of second degree malicious mischief for the June 2005 "keying" of a car owned by his former girl friend's daughter. Report of Proceedings (RP) at 25. The State informed Mr. Saltz of its intention to seek an exceptional sentence based on two aggravating circumstances: (1) the brief period between his last incarceration and the current offense (one month) and (2) his unscored misdemeanor criminal history results in a presumptive sentence that would be clearly too lenient. See RCW 9.94A.535(2)(b), (3)(t); RCW 9.94A.537. Mr. Saltz stipulated to his rapid recidivism and to his misdemeanor criminal history to avoid special verdicts on these facts.
¶ 4 The standard range for the offense was 12 to 14 months' confinement. The State recommended 24 months. The court ordered an 18-month sentence. Findings of fact and conclusions of law were entered consistent with the State's recommendations.

ANALYSIS
¶ 5 Mr. Saltz contends that the court erred in ordering an exceptional sentence.
*284 ¶ 6 First, he contends that the imposition of an exceptional sentence based on his prior unscored misdemeanors violated his right to have a jury decide the fact of whether the presumptive sentence was too lenient. Whether a sentencing court was authorized to impose an exceptional sentence is a question of law, which is reviewed de novo. Hughes, 154 Wash.2d at 132, 110 P.3d 192.
¶ 7 In Blakely, the United States Supreme Court held that "`[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" Blakely, 542 U.S. at 301, 124 S.Ct. 2531 (quoting Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). The statutory maximum is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Id. at 303, 124 S.Ct. 2531 (emphasis omitted).
¶ 8 In response, our legislature revised the sentencing reform act to comply with Blakely. See LAWS OF 2005, ch. 68, § 1 (effective Apr. 15, 2005) ("The legislature intends to conform the sentencing reform act, chapter 9.94A RCW, to comply with the ruling in Blakely."). RCW 9.94A.537 was enacted to create procedures for exceptional sentences.
¶ 9 Additionally, RCW 9.94A.535(2)(b) (2005) was amended to allow the sentencing court, rather than a jury, to impose an exceptional sentence based on the determination that "[t]he defendant's prior unscored misdemeanor or prior unscored foreign criminal history results in a presumptive sentence that is clearly too lenient in light of the purpose of this chapter, as expressed in RCW 9.94A.010."[3] The sentencing court used this statutory factor, in part, as a substantial and compelling reason for Mr. Saltz's exceptional sentence. This new subsection has not yet been examined by our courts.
¶ 10 Notably, the statutes were amended before Hughes was decided. In revising the statutes, the legislature expressed an intention to "restore the judicial discretion that has been limited as a result of the Blakely decision." LAWS OF 2005, ch. 68, § 1.
¶ 11 In Hughes, the Washington Supreme Court examined the aggravating factor that "`[t]he operation of the multiple offense policy of RCW 9.94A.589 results in a presumptive sentence that is clearly too lenient in light of the purpose of this chapter, as expressed in RCW 9.94A.010.'" Hughes, 154 Wash.2d at 136, 110 P.3d 192 (alteration in original) (quoting former RCW 9.94A.535(2)(i) (2003)). The Hughes court held that the "clearly too lenient" conclusion is a factual determination, rather than a legal one. Id. at 137, 110 P.3d 192.
¶ 12 In so holding, the Hughes court examined the history of multiple offense policy cases and observed that this aggravating factor required the courts to find an additional determination: that a standard range sentence would clearly be too lenient because of (1) free crimes, (2) the egregious effects of multiple offenses, or (3) the level of culpability arising from multiple offenses. Id. at 136-37, 110 P.3d 192. Thus, the court held, the too lenient determination is a factual finding that cannot be made judicially. Id. at 137, 140, 110 P.3d 192.
¶ 13 To make the determination of whether an exceptional sentence is justified under this factor, our courts have historically considered *285 the number of the convictions and/or the relationship between the prior unscored convictions and the current offense. State v. Clarke, 156 Wash.2d 880, 895-96, 134 P.3d 188 (2006); State v. Ratliff, 46 Wash.App. 325, 331-32, 730 P.2d 716 (1986).
¶ 14 The fact of the existence of misdemeanor history is an objective determination. Hughes, 154 Wash.2d at 137, 110 P.3d 192. However, the existence of misdemeanor criminal history is subjective in the "too lenient" context because, like in multiple offense policy cases, an additional determination must be made: that a standard range sentence would clearly be too lenient because of the serious harm or culpability given the number or nature of unscored misdemeanors, which would not be accounted for in calculating the sentencing range. See id.
¶ 15 A similar conclusion was reached by the Washington Supreme Court in State v. Suleiman, 158 Wash.2d 280, 143 P.3d 795 (2006) and State v. Hagar, 158 Wash.2d 369, 144 P.3d 298 (2006). In Suleiman, the Supreme Court found a Blakely violation for an exceptional sentence based on victim vulnerability when the defendant stipulated to facts in his plea agreement to support the plea, but he did not agree that those facts formed a legal basis for an exceptional sentence. Suleiman, 158 Wash.2d at 283-84, 143 P.3d 795. Similarly, in Hagar, the defendant stipulated to facts to support his plea of guilty, but the court determined that the sentencing court engaged in improper fact-finding when it ordered an exceptional sentence based on its determination that the crimes constituted a "`major economic offense.'" Hagar, 158 Wash.2d at 374, 144 P.3d 298.
¶ 16 The State argues that the sentencing court's determination of Mr. Saltz's misdemeanor criminal history was proper because it was not used as a basis for calculating the sentencing range. State v. Bartlett, 128 Wash.2d 323, 333, 907 P.2d 1196 (1995) (a court cannot consider a factor that the legislature already took into consideration in calculating the standard range). Nonetheless, the statute requires the trial court to consider both the misdemeanor history and that the presumptive sentence would be "clearly too lenient" in order to impose the exceptional sentence.[4] RCW 9.94A.535(2)(b). The consideration of a factor properly determined by a judge together with a factual determination that should have been determined by the jury does not result in a legal conclusion properly made by the judge. State v. Titialii, 128 Wash.App. 173, 178, 114 P.3d 696 (2005). The sentencing court here considered both a proper and improper factor in this case.
¶ 17 Unless a defendant consents to judicial fact-finding, a sentencing court's finding that a presumptive sentence is "too lenient" taints an exceptional sentence based on this factor. See id. at 179, 114 P.3d 696 (finding no meaningful distinction between a too lenient finding based on the unpunished crimes resulting from the multiple offense policy in Hughes and a "too lenient" finding based on the defendants' conduct that was substantially more egregious than in the typical case found by the sentencing court in the case before it).
¶ 18 Even though Mr. Saltz stipulated to the facts of his criminal history, he did not stipulate to the fact that the presumptive sentence was too lenient.[5] The trial court then had to make additional factual findings above and beyond the admitted facts to support the exceptional sentence. Thus, RCW 9.94A.535(2)(b) is unconstitutional as applied to Mr. Saltz under Blakely. See Hughes, 154 Wash.2d at 132-34, 110 P.3d 192.
¶ 19 Next, Mr. Saltz asserts that rapid recidivism is not a substantial and compelling reason for the exceptional sentence.
To reverse a sentence which is outside the standard sentence range, the reviewing court must find: (a) Either that the reasons *286 supplied by the sentencing court are not supported by the record . . . or that those reasons do not justify a sentence outside the standard sentence range for that offense; or (b) that the sentence imposed was clearly excessive.
RCW 9.94A.585(4).
¶ 20 The legislature made rapid recidivism a valid aggravating factor to support an exceptional sentence. RCW 9.94A.535(3)(t). This factor must take into account "the various similar offenses and the heightened harm or culpability that pattern indicates." Hughes, 154 Wash.2d at 142, 110 P.3d 192. Mr. Saltz stipulated to the prior conviction release date and to the date of the commission of the charged crime, which was one month later, and that it was "shortly after being released from incarceration." Clerk's Papers (CP) at 31. Mr. Saltz does not dispute the sufficiency of the stipulation as a factual basis for the exceptional sentence. Thus, his initial contention is that the reasons stated by the sentencing court do not support an exceptional sentence.
¶ 21 Therefore, we decide the issue by the matter-of-law standard, which requires the reviewing court to "`independently determine, as a matter of law, if the sentencing judge's reasons justify the imposition of [an exceptional sentence].'" State v. Cardenas, 129 Wash.2d 1, 6, 914 P.2d 57 (1996) (quoting State v. Nordby, 106 Wash.2d 514, 518, 723 P.2d 1117 (1986)).
¶ 22 Mr. Saltz argues that nothing set apart the swiftness of his recidivism from an ordinary case of recidivism or the mere fact of his prior convictions. The trial court's findings must be "distinguishable from mere criminal history." State v. Butler, 75 Wash. App. 47, 54, 876 P.2d 481 (1994). An exceptional sentence is based on this factor when the circumstances show "a greater disregard for the law than otherwise would be the case" based on the "especially short time period between prior incarceration and reoffense." Id.
¶ 23 Here, Mr. Saltz committed the instant offense on the one-month anniversary of his release. Mr. Saltz agreed the instant crime was committed "shortly after being released from incarceration." CP at 31. Further, as the sentencing judge noted, his previous incarceration related to a felony violation of a no-contact order "[a]nd then [in] this incident you just come out of jail and go right back out there and contact this [same] woman." RP at 131. Not only was the timing of the crime significant, the nature of the instant crime and the identity of the victim were similar to the crime for which he was previously incarcerated. This shows the disregard for the law referenced in Butler. See also Hughes, 154 Wash.2d at 141, 110 P.3d 192 (upholding rapid recidivism factor when the commission of exactly the same offense against exactly the same victim less than three months after release demonstrated a disregard and disdain for the law).
¶ 24 The remaining question is whether the rapid recidivism factor standing alone can support the exceptional sentence. As stated in Hughes:
Not every aggravating factor cited must be valid to uphold an exceptional sentence: "[w]here the reviewing court overturns one or more aggravating factors but is satisfied that the trial court would have imposed the same sentence based upon a factor or factors that are upheld, it may uphold the exceptional sentence rather than remanding for resentencing."
Hughes, 154 Wash.2d at 134, 110 P.3d 192 (quoting State v. Jackson, 150 Wash.2d 251, 276, 76 P.3d 217 (2003)).
¶ 25 The exceptional sentence can be upheld on the rapid recidivism factor even though the "too lenient" factor cannot stand here because the judge would have ordered the same sentence. Remand is not necessary if the appellate court is confident the court would impose the same sentence upon considering only valid factors. State v. Ross, 71 Wash.App. 556, 567, 861 P.2d 473, 883 P.2d 329 (1993).
¶ 26 In pronouncing sentence, the court addressed Mr. Saltz's destructive relationship with his former girl friend, which resulted in repeated violations of no-contact orders, including the offense for which he was released just prior to the commission of the present offense. The trial court also emphasized "[y]ou were just out of custody" immediately *287 before imposing the exceptional sentence of 18 months. RP at 135. It is evident that the court found this factor alone to be substantial and compelling. This court can be confident that the sentencing court would have imposed the same sentence.

CONCLUSION
¶ 27 Although the determination that a defendant's prior unscored misdemeanor criminal history results in a presumptive sentence that is clearly too lenient is a factual one for the jury, the rapid recidivism fact stipulated to by Mr. Saltz is a substantial and compelling factor that can be upheld. Affirm.
I CONCUR: KATO, J., Pro Tem.
BROWN, J. (concurring in part, dissenting in part).
¶ 28 I agree the trial court correctly ordered an exceptional sentence based on Gardner Saltz's recent recidivism. But I disagree in rejecting the trial court's additional "too lenient" reasoning. A sentencing judge may "impose an aggravated exceptional sentence without a finding of fact by a jury" when "[t]he defendant's prior unscored misdemeanor . . . history results in a presumptive sentence that is clearly too lenient" after considering the chapter's purposes. RCW 9.94A.535(2)(b).
¶ 29 Here, the State filed two aggravating circumstances and was prepared to prove and argue the damaging facts at the malicious mischief trial. Mr. Saltz stipulated to 12 prior unscored misdemeanors and the recent recidivism facts to avoid the trial damage of the State proving and arguing the special verdicts. Mr. Saltz removed both jury questions by acceding to the State's filing. He gambled on increasing his acquittal odds at the expense of agreeing to the exceptional sentencing factors, and lost. In other words, his risk avoidance tactic failed.
¶ 30 This is not the multiple offense and free crimes situation found in State v. Hughes, 154 Wash.2d 118, 110 P.3d 192 (2005), overruled on other grounds by Washington v. Recuenco, ___ U.S. ___, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006). Rather, Mr. Saltz permissibly stipulated to the exceptional sentencing factors to avoid trial risks. State v. Hilyard, 63 Wash.App. 413, 417, 819 P.2d 809 (1991). Therefore, I concur in the rapid recidivism part of the analysis and in the result, but I respectfully dissent to rejecting the trial court's exercise of discretion in its "too lenient" reasoning.
NOTES
[1] Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
[2] State v. Hughes, 154 Wash.2d 118, 137, 140, 142, 110 P.3d 192 (2005), overruled on other grounds by Washington v. Recuenco, ___ U.S. ___, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006).
[3] Subsection 2 of RCW 9.94A.535, in its entirety, reads:

(2) Aggravating CircumstancesConsidered and Imposed by the Court
The trial court may impose an aggravated exceptional sentence without a finding of fact by a jury under the following circumstances:
(a) The defendant and the state both stipulate that justice is best served by the imposition of an exceptional sentence outside the standard range, and the court finds the exceptional sentence to be consistent with and in furtherance of the interests of justice and the purposes of the sentencing reform act.
(b) The defendant's prior unscored misdemeanor or prior unscored foreign criminal history results in a presumptive sentence that is clearly too lenient in light of the purpose of this chapter, as expressed in RCW 9.94A.010.
(c) The defendant has committed multiple current offenses and the defendant's high offender score results in some of the current offenses going unpunished.
(d) The failure to consider the defendant's prior criminal history which was omitted from the offender score calculation pursuant to RCW 9.94A.525 results in a presumptive sentence that is clearly too lenient.
[4] The parties do not argue that the court used the unscored misdemeanors as an independent, nonstatutory substantial and compelling reason and the record does not support such an argument.
[5] Notably, the State drafted the findings of fact and conclusions of law for the exceptional sentence to reflect that Mr. Saltz stipulated that the presumptive sentence was clearly too lenient in light of the sentencing reform act. The judge redlined the language from the findings of fact upon Mr. Saltz's objection.