176 P.3d 529 (2008)
STATE of Washington, Respondent,
v.
Wayne Allen NEWLUN, Appellant.
No. 58762-5-I.
Court of Appeals of Washington, Division 1.
January 22, 2008.
*530 Maureen Marie Cyr, Jason Brett Saunders, Attorney at Law, Washington Appellate Project, Seattle, WA, for Appellant.
Mary Kathleen Webber, Snohomish County Prosecutors Office, Everett, WA, for Respondent.
DWYER, J.
¶ 1 RCW 9.94A.535(2)(c) provides that a sentencing court may impose an exceptional sentence based upon a judicial finding that "[t]he defendant has committed multiple current offenses and the defendant's high offender score results in some of the current offenses going unpunished."[1] Wayne Allen Newlun appeals the exceptional sentence imposed on him by the Snohomish County Superior Court. In sentencing Newlun, the sentencing court found the aggravating factor set forth in RCW 9.94A.535(2)(c) to be satisfied and premised the imposition of the exceptional sentence on the existence of this factor. Newlun contends that this procedure violates the jury trial guarantee of the Sixth Amendment to the United States Constitution as discussed in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We hold that the judicial findings required for the imposition of an exceptional sentence premised upon RCW 9.94A.535(2)(c) relate solely to the fact of a defendant's criminal convictions. Exceptional sentences imposed on the basis of such judicial findings are consistent with the jury trial requirements of the Sixth Amendment. Accordingly, we affirm.

FACTS
¶ 2 Newlun was charged with 11 separate counts under three cause numbers. The precise charges were as follows:
Cause No. 06-1-00223-1
Count I: Second Degree Identity Theft
Count II: Forgery
Cause No. 06-1-00648-2
Count I: Second Degree Identity Theft
Count II: Forgery
Cause No. 06-1-00241-0
Count I: First Degree Identity Theft
Count II: Forgery
Count III: Forgery
Count IV: Forgery
Count V: Forgery
Count VI: Unlawful Possession of Personal Identification Device
Count [VII]: Unlawful Possession of Personal Identification Device[2]
¶ 3 Newlun pleaded guilty to all of the counts charged in each of the three cause numbers. These pleas resulted from negotiations between Newlun and the prosecutor, during which the prosecutor agreed to recommend the imposition of sentences within the applicable standard ranges.
¶ 4 At Newlun's sentencing hearing, the prosecutor calculated Newlun's standard range sentences as follows:
Cause No. 06-1-00223-1
Second Degree Identity Theft43 to 57 months
Forgery22 to 29 months
Cause No. 06-1-00648-2
Second Degree Identity Theft43 to 57 months
Forgery22 to 29 months
Cause No. 06-1-00241-0.
First Degree Identity Theft63 to 84 months

*531 Forgery22 to 29 months
Forgery22 to 29 months
Forgery22 to 29 months
Forgery22 to 29 months
Unlawful Possession of Personal Identification Device0 to 12 months
Unlawful Possession of Personal Identification Device0 to 12 months
Pursuant to the plea agreement, the prosecutor recommended that the court impose a sentence at the high end of the standard range on each count, with all of the terms of confinement running concurrently.[3] Adoption of this recommendation by the sentencing judge would have resulted in a sentence of confinement for a total term of 84 months.
¶ 5 At the sentencing hearing, one of Newlun's victims, Guy Randal, addressed the court. Randal stated that he and his wife had been forced to close and reopen their bank accounts on three separate occasions as a result of Newlun's actions, had been harassed by numerous private investigators, and had endured "countless phone calls from businesses and creditors." Randal stated that he and his wife had suffered damage to their credit. and that they had also come under the scrutiny of both local law enforcement and the naval investigative service as a result of Newlun's unauthorized use of Randal's government and private passports. Randal stated that Newlun's actions ultimately caused him to suffer a breakdown and miss 27 days of work.
¶ 6 Newlun was also afforded an opportunity to allocute, which he accepted. Newlun stated that he had difficulty controlling his actions because of his addiction to methamphetamines and that he did not understand the impact of his crimes at the time that he was committing them. He expressed remorse and also expressed a desire to undergo chemical dependency treatment.
¶ 7 The sentencing court imposed maximum standard range sentences on both counts in cause number XX-X-XXXXX-X and both counts in cause number XX-X-XXXXX-X, to run concurrently, for a total of 57 months confinement. However, the court imposed an exceptional sentence in cause number XX-X-XXXXX-X, ordering that the maximum term of 84 months imprisonment be imposed and that it run consecutively to the sentences on the other two cause numbers, resulting in a total term of confinement of 141 months. The court stated its basis for the imposition of the exceptional sentence:
I'm going to declare an exceptional sentence. The information had indicated, and the statement of the defendant on plea of guilty indicated, with respect to each of those seven counts, that the crime was aggravated by the following circumstance: The crime was a major economic offense due to the following factors: The crime involved multiple victims and multiple incidents per victim. And I find that that alone is sufficient for an exceptional sentence.
I also find that every single one of these seven counts, there would befor Counts II through VII, there would be absolutely no additional penalty for those over and above the other two causes, the other four felonies; and the only amount by which the penalty for Count I would be any greater than the others is the 27 months' difference between it and the high end of the standard range on the others.
¶ 8 On August 11, 2006, the court held a hearing to clarify the sentence. The prosecutor opined to the court that the imposition of an exceptional sentence on the basis that the offense charged was a "major economic offense" could only be imposed upon a jury *532 finding to that effect.[4] While maintaining that the State supported the imposition of the recommended standard range sentences, the prosecutor informed the court that "it would be the State's understanding from reading the statute that the only legally permissible avenue . . . to impose an exceptional sentence would be under 9.94A.535(2)(c)." Following this conversation, the court entered an order imposing an exceptional sentence premised on the aggravating factor listed in RCW 9.94A.535(2)(c) but which made no reference to the court's initial finding that Newlun was convicted of committing a "major economic offense." Accordingly, the sole basis supporting the exceptional sentence set forth in the court's findings of fact and conclusions of law is that, pursuant to RCW 9.94A.535(2)(c), Newlun "has committed multiple offenses, and [his] high offender score would result in some of the current offenses going unpunished."
¶ 9 Newlun now appeals, assigning error to the court's imposition of the exceptional sentence.

DISCUSSION

Standard of Review
¶ 10 Whether an exceptional sentence violates the Sixth Amendment is a question of law, reviewed de novo on appeal. State v. Saltz, 137 Wash.App. 576, 580, 154 P.3d 282 (2007). A criminal defendant alleging that a sentencing statute has been unconstitutionally applied bears the burden of demonstrating that the statute was applied in an unconstitutional manner. State v. Hughes, 154 Wash.2d 118, 132, 110 P.3d 192 (2005), abrogated on other grounds by Washington v. Recuenco, 548 U.S. 212, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006).

RCW 9.94A.535(2)(c)
¶ 11 Newlun contends that RCW 9,94A.535(2)(c) allowed the sentencing court to impose an exceptional sentence on the basis of a factual finding that, under the Sixth Amendment as interpreted in Blakely, is the sole province of the jury. Thus, Newlun contends, the court unconstitutionally applied RCW 9.94A.535(2)(c) when it imposed an exceptional sentence.[5] The State responds that the cases upon which Newlun relies to support his argument do not control our analysis because those cases address former RCW 9.94A.535 (2003), amended by Laws of 2005, ch. 68, § 3, as it was written prior to the 2005 amendments to the Sentencing Reform Act of 1981(SRA). The State contends that it is constitutionally permissible for a sentencing court to impose an exceptional sentence pursuant to RCW 9.94A.535(2)(c) as that statute is now written. Because the judicial findings required for a sentencing court to impose an exceptional sentence under RCW 9.94A.535(2)(c) relate solely to criminal history, we oonclude that the State's contention is correct.
¶ 12 Other than the fact of a criminal conviction, any fact providing the basis for an exceptional sentence must be subject to the right of trial by jury. In Blakely v. Washington, the United States Supreme Court held that the application of several of the exceptional sentence provisions of Washington's SRA violated the jury trial right of the Sixth Amendment because those provisions allowed a court to impose a sentence greater *533 than was otherwise permitted by statute based on facts found by the judge rather than by a jury. Blakely, 542 U.S. at 304-05, 124 S.Ct. 2531. The Court based its holding on Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In Apprendi, the Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490, 120 S.Ct. 2348. Applying this rule to former RCW 9.94A.390(2)(h) (1999), recodified as RCW 9.94A.535(2)(h) (Laws of 2000, ch. 28, § 8), as then written,[6] the Blakely Court held that the relevant statutory maximum was not the absolute maximum contained in the state criminal code's felony classifications but was, rather, the maximum term of imprisonment allowed by the SRA's standard range for the crime for which the defendant was convicted. Blakely, 542 U.S. at 303, 124 S.Ct. 2531. As stated by the Court, "the `statutory maximum' for Apprendi purposes is the maximum sentence that a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant." Blakely, 542 U.S. at 303, 124 S.Ct. 2531.
¶ 13 In response to the Court's decision in Blakely, the state legislature amended the SRA. In keeping with the rule articulated in Blakely, the 2005 amendments provided that most of the aggravating factors that a sentencing court previously could have cited as the basis for imposing an exceptional sentence henceforth either must be admitted by the defendant or found by a jury in order to provide the basis for an upward departure from the standard sentence range. See Laws of 2005, ch. 68, §§ 3-4, as codified at RCW 9.94A.535-.537.
¶ 14 However, in the 2005 amendments to RCW 9.94A.535 the legislature also reserved to the sentencing court' several of the decisions, the resolution of which in the affirmative serve to provide a statutory basis for the imposition of an exceptional sentence. Specifically, RCW 9.94A.535 lists instances in which the sentencing court may depart upward from the standard range based upon its own findings. RCW 9.94A.535 now provides that:
The trial court may impose an aggravated exceptional sentence without a finding of fact by a jury under the following circumstances:
. . . .
(b) The defendant's prior unscored misdemeanor or prior unscored foreign criminal history results in a presumptive sentence that is clearly too lenient in light of the purpose of this chapter, as expressed in RCW 9.94A.010.
(c) The defendant has committed multiple current offenses and the defendant's high offender score results in some of the current offenses going unpunished.
RCW 9.94A.535(2):
¶ 15 One day prior to the effective date of the 2005 amendments, however, our state Supreme Court issued a decision addressing the constitutionality of former RCW 9.94A.535, thereby implicating the constitutionality of the current statute. In State v. Hughes,[7] the court struck down two exceptional consecutive sentences that were imposed on the basis of a judicial factual finding that "[t]he operation of the multiple offense policy of RCW 9.94A.589 results in a presumptive sentence that is clearly too lenient." See Hughes, 154 Wash.2d at 127-29, 110 P.3d 192. The court held that "[t]he conclusion that allowing a current offense to go unpunished is clearly too lenient is a factual determination that cannot be made by the trial court following Blakely." Hughes, 154 Wash.2d at 140, 110 P.3d 192 (emphasis in original).
*534 ¶ 16 Last year, in a decision that also discusses former RCW 9.94A.535(2)(i), the court reaffirmed this holding. In In re Pers. Restraint of VanDelft, 158 Wash.2d 731, 147 P.3d 573 (2006), the sentencing court imposed a consecutive sentence for one count of an offense that was not statutorily established as a serious violent felony. VanDelft, 158 Wash.2d at 735, 147 P.3d 573. RCW 9.94A.535, in combination with RCW 9.94A.589(1)(a), creates a presumption that sentences imposed for multiple current offenses other than serious violent felonies run concurrently unless "a statutory basis for imposing consecutive sentences exists. Van-Delft, 158 Wash.2d at 738-39, 147 P.3d 573. Accordingly, as in Hughes, the consecutive sentence imposed on VanDelft constituted an exceptional sentence. The stated basis for the imposition of the exceptional sentence was a factual finding by the sentencing court that a standard range sentence "would fail to hold the defendant accountable for all of the crimes for which he was convicted" and thus would be "clearly too lenient." VanDelft, 158 Wash.2d at 735-36, 147 P.3d 573. The Supreme Court vacated the imposition of the consecutive sentence, holding that, because the imposition of the consecutive sentence had required a "too lenient" finding by the court pursuant to the then effective RCW 9.94A.535(2)(i), "[t]he trial judge's findings operated to elevate the punishment for a nonserious violent offense to the realm of punishment for serious violent offenses based on facts not reflected in the jury's verdict." VanDelft, 158 Wash.2d at 742, 147 P.3d 573. Thus, "because [RCW 9.94A.589(1) ](a) requires the trial court to look to the exceptional sentencing scheme in RCW 9.94A.535 in order to impose a consecutive sentence for a nonserious violent felony, Blakely and Hughes squarely apply to consecutive sentencing decisions under [RCW 9.94A,589](1)(a)." VanDelft, 158 Wash.2d at 743, 147 P.3d 573. This being the case, the sentencing court erred when it imposed an exceptional consecutive sentence upon its own finding that VanDelft's presumptive sentence would be "clearly too lenient." VanDelft, 158 Wash.2d at 743, 147 P.3d 573.
¶ 17 The Hughes and VanDelft decisions were subsequently applied to the 2005-amended version of RCW 9.94A.535(2)(b) in Saltz, 137 Wash.App. at 583, 154 P.3d 282, wherein the court stated:
Even though Mr. Saltz stipulated to the facts of his criminal history, he did not stipulate that the presumptive sentence was too lenient. The trial court then had to make additional factual findings above and beyond the admitted facts to support the exceptional sentence. Thus, RCW 9.94.535(2)(b) is unconstitutional as applied to Mr. Saltz under Blakely. See Hughes, 154 Wash.2d at 132-34, 110 P.3d 192.
¶ 18 Newlun's appeal presents a different issue than that addressed in Saltz. The statutory provision addressed in Saltz, RCW 9.94A.535(2)(b), like the pre-amendment RCW 9.94A.535(2)(i) examined in Hughes and VanDelft, violated the Sixth Amendment because it required a judicial factual finding that the presumptive sentence was "clearly too lenient." Saltz, 137 Wash. App. at 583, 154 P.3d 282. Unlike RCW 9.94A.535(2)(b), however, RCW 9.94A.535(2)(c) does not require a judicial factual finding that the presumptive sentence is too lenient. Rather, it allows for a departure from the standard sentence range solely on the basis of the number of criminal offenses of which the defendant has been convicted as they are computed under existing principles of the SRA.
¶ 19 The core concern of the Blakely court, as discussed in Hughes and VanDelftthe imposition of exceptional sentences based on judicial factual findings extending beyond the fact of the defendant's criminal convictions is not implicated by the current version of RCW 9.94A.535(2)(c). For purposes of imposing an exceptional sentence, the offender score is computed based on both prior convictions and current convictions. RCW 9.94A.589(1)(a); RCW 9.94A.525(1). Indeed, for purposes of computing the offender score in relation to the imposition of an exceptional consecutive sentence, the legislature has determined that current offenses are to be treated as "prior convictions." See RCW 9.94A.589(1)(a) ("the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose *535 of the offender score"). The standard sentence range is, in turn, computed based on the combination of the offender score and the statutory seriousness level of the current offenses of which the defendant has been convicted. RCW 9.94A.530. Thus, the sentencing court need only find the fact of the defendant's convictions in order to be justified in imposing an exceptional sentenced pursuant to RCW 9.94A.535(2)(c). For each of those convictions, the defendant has had the right to be tried by a jury and to be convicted only upon proof beyond a reasonable doubt of the elements of each charged offense.
¶ 20 The only other judicial act required to permit the imposition of an exceptional sentence pursuant to RCW 9.94A.535(2)(c) is not a factual finding at all. Rather, it is simply the application of RCW 9.94A.510's sentencing grid to the current offenses of which the defendant has been convicted. If the number of current offenses, when applied to the sentencing grid, results in the legal conclusion that the defendant's presumptive sentence is identical to that which would be imposed if the defendant had committed fewer current offenses, then an exceptional sentence may be imposed. In sum, in order to impose an exceptional sentence under RCW 9.94A.535(2)(c), the sentencing court does not need to look beyond "`facts reflected in the jury verdict or admitted by the defendant.'" VanDelft, 158 Wash.2d at 741, 147 P.3d 573 (quoting Blakely, 542 U.S. at 303, 124 S.Ct. 2531).
¶ 21 In Hughes, the court noted that case law interpretations of the exceptional sentence provisions of the pre-2005 SRA did not allow for the imposition of an exceptional sentence solely on the basis of criminal history because that criminal history is reflected in the offender score:
Under Washington law . . . the court may not consider criminal history per se in issuing exceptional sentences because prior convictions are used to compute presumptive sentences. State v. Nordby, 106 Wash.2d 514, 518 n. 4, 723 P.2d 1117 (1986). Therefore, prior convictions alone can never be enough to warrant an exceptional sentence under Washington law aggravating factors require something more than just prior conviction history,
Hughes, 154 Wash.2d at 135, 110 P.3d 192.
¶ 22 However, Hughes addressed RCW 9.94A.535 as it was written prior to its 2005 legislative revision. When the legislature undertook to, amend RCW 9.94A.535, it did so with the express intent of satisfying the Sixth Amendment's requirements.[8] The current RCW 9.94A.535(2)(c) explicitly provides that, when confronted with a situation where the structure of RCW 9.94A.510's sentencing gridspecifically, the maximum listed offender score of nineresults in multiple current offenses going unpunished, the sentencing court may impose an exceptional sentence based on factors related solely to criminal history. "When the words in a statute are clear and unequivocal, this court is required to assume the Legislature meant exactly what it said and apply the statute as written." Duke v. Boyd, 133 Wash.2d 80, 87, 942 P.2d 351 (1997). Thus, the above-quoted language from Hughes does not apply to RCW 9.94A.535(2)(c) as it is now written.
¶ 23 The legislature amended RCW 9.94A.535(2)(c) to allow a sentencing judge to impose an exceptional sentence solely on the basis of criminal history. It did so with the express intention of satisfying the Sixth Amendment's jury trial guarantee described in Blakely. "Blakely left intact the validity of exceptional sentences based on prior convictions." Hughes, 154 Wash.2d at 134, 110 P.3d 192. Imposition of an exceptional sentence based solely on a defendant's criminal history does not violate the Sixth Amendment because a defendant's "`prior conviction *536 must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees.'" Hughes, 154 Wash.2d at 135, 110 P.3d 192 (quoting Jones v. United States, 526 U.S. 227, 249, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)). Newlun's convictions for the multiple current offenses for which he was herein sentenced were each individually subject to the right of trial by jury and to the requirement of proof beyond a reasonable doubt. These same convictions, in combination with Newlun's prior convictions, resulted in Newlun's high offender score. These factors, in turn, provided the basis for the superior court's imposition of an exceptional sentence pursuant to RCW 9.94A.535(2)(c).
¶ 24 Because the fact of Newlun's criminal convictions provided the sole basis for the imposition of Newlun's exceptional sentence, Newlun has failed to meet his burden of showing that the sentencing court's application of RCW 9.94A.535(2)(c) violated the Sixth Amendment.
¶ 25 Affirmed.
WE CONCUR: AGM and BAKER, JJ.
NOTES
[1] The current version of RCW 9.94A.535(2)(c) was enacted as part of the 2005 amendments to Washington's Sentencing Reform Act (SRA).
[2] The information in cause number XX-X-XXXXX-X incorrectly lists count VII as a second count VI.
[3] When a superior court orders sentences for multiple current offenses (other than serious violent offenses) to run consecutively, it imposes an exceptional sentence. RCW 9.94A.589(1)(a) ("Consecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.535."); RCW 9.94A.589(1)(b) (other than serious violent offenses, sentences for multiple current offenses are to run concurrently); RCW 9.94A.535 ("A departure from the standards in RCW 9.94A.589 (1) and (2) governing whether sentences are to be served consecutively or concurrently is an exceptional sentence subject to the limitations in this section."). See also In re Pers. Restraint of VanDelft, 158 Wash.2d 731, 742-43, 147 P.3d 573 (2006) (holding that the rule announced in Blakely applies to consecutive sentences imposed pursuant to RCW 9.94A.589(1)(a)).
[4] The prosecutor referred the court to RCW 9.94A.535 and RCW 9.94A.537. RCW 9.94A.537(2) provides that facts supporting aggravating circumstances may also be utilized by the court if the "defendant stipulates to the aggravating facts." As the sentencing court pointed out, Newlun did, in fact, stipulate to the language of RCW 9.94A.535(d) in, his plea to cause number XX-X-XXXXX-X ("the crime was a major economic offense due to the following factors: the crime involved multiple victims and multiple incidents per victim").
[5] Newlun also contends that his sentence is invalid because the state failed give notice to Newlun of its intent to seek an exceptional sentence. See State v. Womac, 160 Wash.2d 643, 663, 160 P.3d 40 (2007). While we question Womac's applicability to this case given that the State never sought an exceptional sentence, we decline to address this argument because it was not addressed in. Newlun's briefs and was not raised until Newlun's rebuttal oral argument. See RAP 12.1; State v. Johnson, 119 Wash.2d 167, 170, 829 P.2d 1082 (1992) ("the defendant must raise the issue on appeal in accordance with the Rules of Appellate Procedure. Issues not so raised, even constitutional issues, are not properly before this court.").
[6] Former RCW 9.94A.390(2)(h)(iii) provided that the sentencing judge could impose an exceptional sentence upon a judicial finding that the defendant acted with "deliberate cruelty." See Blakely, 542 U.S. at 300, 124 S.Ct. 2531.
[7] Hughes was subsequently abrogated with respect to a separate, discrete issue by the United States Supreme Court's decision in Recuenco, 548 U.S. 212, 126 S.Ct. 2546. Specifically, Recuenco abrogated that portion of the opinion in Hughes which held that a Blakely error in sentencing was a structural error and, thus, could never be harmless. Recuenco, 126 S.Ct. at 2553. Harmless error is not an issue in this case.
[8] "The legislature intends to conform the sentencing reform act, chapter 9.94A RCW, to comply with the ruling in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). . . . The legislature intends that aggravating facts, other than the fact of a prior conviction, will be placed before the jury. . . . . While the legislature intends to bring the sentencing reform act into compliance as previously indicated, the legislature recognizes the need to restore the judicial discretion that has been limited as a result of the Blakely decision," Laws of 2005, ch. 68, § 1.