IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35113-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KEVIN MATHEW PHILLIPS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Kevin Phillips appeals the exceptional partially-consecutive sentence imposed for his conviction on plea of guilty to felony violation of a domestic violence protection order. He argues that the State failed to prove his criminal history and that the exceptional sentence was not authorized by statute. We reject Mr. Phillips's argument that his signed agreement to his criminal history was not a sufficient acknowledgment and hold that RCW 9.94A.535(2)(c) applies where a defendant's high offender score would allow a single crime to go unpunished. We affirm.

FACTS AND PROCEDURAL BACKGROUND

On February 15, 2017, the Benton County Superior Court held a sentencing hearing on three criminal matters involving Kevin Phillips. The first matter addressed by the court was Mr. Phillips's conviction following a jury trial for the second degree assault of his father, a domestic violence offense. The second was Mr. Phillips's plea of guilty to possession of a controlled substance. The third and final matter was this one, in which Mr. Phillips entered a plea of guilty to violation of a no contact order.

Among material presented to the court in connection with the sentencings and included in our record on appeal is a document with the heading, "AMENDED OFFER LETTER," dated September 20, 2016. Clerk's Papers (CP) at 16. It included the following table, captioned "PRIOR OFFENSE(S) (DATE) – DISPOSITION":

| | CRIME | DATE OF SENTENCE | SENTENCING COURT (*County and State*) | DATE OF CRIME | A or J Adult, Juvenile | TYPE OF CRIME |
|---|---|---|---|---|---|---|
| 1 | UPCS - pending | PENDING | Benton County, WA | March 27, 2016 | A | NV |
| 2 | Assault 2 - pending | PENDING | Benton County, WA | July 13, 2016 | A | V |
| 3 | Assault 3rd | September 5, 2012 | Benton County, WA | June 21, 2012 | A | NV |
| 4 | Escape 2nd | September 5, 2012 | Benton County, WA | June 20, 2012 | A | NV |
| 5 | Possession of a Stolen Vehicle | June 14, 2012 | Benton County, WA | April 24, 2012 | A | NV |
| 6 | Felony Harassment* | March 7, 2013 | King County, WA | April 21, 2012 | A | NV |
| 7 | DV VNCO | March 7, 2013 | King County, WA | April 21, 2012 | A | NV |
| 8 | DV VNCO | November 9, 2011 | King County, WA | October 20, 2011 | A | NV |

*Confirmed on CC at time of offense

*Id.* It was stamped "DEFENSE COPY" and was signed by Mr. Phillips.

A signed criminal history was mentioned first during the first sentencing. The court allowed the prosecutor to approach, and we infer that she provided the court with sentencing materials, copies of which she had also provided to Shelley Ajax, who represented Mr. Phillips in the first two sentencings, but not the third.[1] The following statements were made:

> THE COURT: . . . Miss Ajax, just let me know when you've had the opportunity to review that, and provide that to Mr. Phillips.
> MS. LONG: Does your Honor have a *signed copy of the criminal history* as well as the appeal rights form?
> THE COURT: I have in this file, the trial file. I don't believe I have one. *There is one in the other file, the order violation file, Mr. Swanberg's.*

Report of Proceedings (RP)[2] at 4 (emphasis added).

During the second sentencing, the following reference was made to a signed criminal history:

> MS. LONG: Your Honor has the *signed criminal history* on that one as well?
> THE COURT: Yes, for I believe both of the pleas we have signed criminal history.

RP at 36 (emphasis added).

---

[1] In the first two matters, the State was represented by Julie Long and Mr. Phillips was represented by Shelley Ajax. In the third matter, the State was represented by Diana Ruff and Mr. Phillips was represented by Samuel Swanberg.

[2] All references to the report of proceedings are to the report of proceedings taking place on March 1, 2017.

During the sentencing in this matter, prosecutor Diana Ruff pointed to matters reflected in Mr. Phillips's criminal history several times. Her amended offer letter with its signed criminal history appears in the trial court record as an attachment to Mr. Phillips's statement on plea of guilty. The plea statement refers to the attachment:

> The prosecuting attorney's statement of my criminal history is attached to this agreement. Unless I have attached a different statement, I agree that the prosecuting attorney's statement is correct and complete. If I have attached my own statement, I assert that it is correct and complete.

CP at 6. No criminal history other than the history included in the amended offer letter is attached to the plea statement.

In arguing for the State's recommended sentence, Ms. Ruff pointed out that the eight crimes identified in Mr. Phillips's criminal history resulted in an offender score of 11 in this case, "and that's obviously because domestic violence cases are scored differently than others, and he was also on community custody at the time [the offense in the case assigned to me] was committed." RP at 37. With an offender score of 9-plus, the minimum and maximums of the standard range were both 60 months. Because Mr. Phillips had been convicted to a total period of confinement of 96 months for the two convictions sentenced earlier in the hearing, Ms. Ruff asked for an exceptional sentence, relying on the "free crimes" aggravator, RCW 9.94A.535(2)(c). She asked that the full 60 months, or at least some of it, run consecutive to Mr. Phillips's other current sentences.

For his part, Mr. Phillips asked for an exceptional mitigated sentence under RCW 9.94A.535(1)(a), on the basis that the party protected by the no contact order that was violated—his former girlfriend, who was pregnant with his child—was to a significant degree a willing participant. The sentencing court had already heard from her in the first sentencing, when she affirmed that she had opposed entry of the no contact order imposed in connection with a prior conviction of Mr. Phillips and had sought, unsuccessfully, to have it lifted.

The sentencing court found substantial and compelling reasons for an exceptional aggravated sentence and ordered that 18 months of Mr. Phillips's 60 month sentence for the crime charged in this case be served consecutive to the sentences for his other current offenses. The court emphasized what it characterized as Mr. Phillips's "consistent history of violating [court orders] whenever . . . you think that what you want is more important than following the rules." RP at 54.

Mr. Phillips appeals.

## ANALYSIS

Mr. Phillips makes two assignments of error. He argues first that the sentencing court violated his due process rights by sentencing him to an exceptional sentence based on an offender score the State failed to prove. Second, he argues that we should construe the "free crimes" aggravator to apply only when more than one current offense would otherwise go unpunished.

*By affirmatively acknowledging his criminal history, Mr. Phillips waived
the factual error he asserts for the first time on appeal*

A defendant's offender score, together with the seriousness level of his current offense, dictates the standard sentence range used in determining his sentence. RCW 9.94A.530(1). To calculate the offender score, the court relies on its determination of the defendant's criminal history, which the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, defines as "the list of a defendant's prior convictions and juvenile adjudications, whether in this state, in federal court, or elsewhere." RCW 9.94A.030(11). Prior convictions result in offender score "points" as outlined in RCW 9.94A.525. When, as here, the current offense is a felony domestic violence offense, each adult prior felony conviction involving domestic violence that was "pleaded and proven after August 1, 2011," counts as two points and certain prior misdemeanors where domestic violence was pleaded and proven count as one point. RCW 9.94A.525(21). To arrive at an offender score of 11, the State necessarily attributed two points, as domestic violence offenses, to Mr. Phillips's current second degree assault conviction and to his March 2013 conviction for felony violation of a no contact order.

The State bears the burden of proving a defendant's prior convictions at sentencing by a preponderance of the evidence. *State v. Hunley*, 175 Wn.2d 901, 909-10, 287 P.3d 584 (2012). The State's burden is "'not overly difficult to meet' and may be satisfied by evidence that bears some 'minimum indicia of reliability.'" *In re Pers.*

6

*Restraint of Adolph*, 170 Wn.2d 556, 569, 243 P.3d 540 (2010) (quoting *State v. Ford*, 137 Wn.2d 472, 480-81, 973 P.2d 452 (1999)).  If there is an affirmative acknowledgment by the defendant of facts and information introduced for the purposes of sentencing, no further proof from the State is necessary.  *State v. Mendoza*, 165 Wn.2d 913, 927-28, 205 P.3d 113 (2009).

Mr. Phillips contends that his signed criminal history contained in the amended offer letter is an insufficient affirmative acknowledgment of his criminal history because it is dated September 20, 2016, almost six months before his sentencing date; it is not signed by his lawyer; it does not bear the court's "filed" stamp; and it states that it is subject to change.

None of these asserted shortcomings prevents Mr. Phillips's signature, which attests to the truth and accuracy of his criminal history in the amended offer letter, from being a sufficient affirmative acknowledgement.  It is unsurprising that the amended offer letter bears no "filed" stamp, since it serves as the 12th and 13th page attachment to Mr. Phillips's statement on plea of guilty.  Mr. Phillips cites no authority that an acknowledgement is insufficient unless signed by a defendant's trial lawyer or that it must be executed at any particular time.  While the prosecutor's amended offer letter stated that the criminal history was subject to change, there is nothing to suggest that it ever did change.  While Mr. Phillips's trial lawyer calculated his client's offender score

differently, he never contested the accuracy of the criminal history signed by Mr. Phillips.

Given Mr. Phillips's affirmative acknowledgment, his sufficiency challenge fails.

His argument that the calculation of the offender score was in error because some

of his prior convictions were double counted without a showing that domestic violence

was pleaded and proven was not preserved.  RAP 2.5(a); *In re Pers. Restraint of

Goodwin*, 146 Wn.2d 861, 874, 50 P.3d 618 (2002) (waiver may be found where a

defendant stipulates to incorrect facts).  While not required to reach the issue, we point

out that review of the record strongly suggests that this challenge is premised on a

scrivener's error made in preparing the criminal history in the judgment and sentence in

this case.

Among standard Washington court forms is one entitled "Additional Current

Offenses and Current Convictions Listed Under Different Cause Numbers Used in

Calculating the Offender Score."  Form WPF CR 84.0400 A2.1 (Rev. 7/2011).[3]  It

includes a table for use when convictions imposed in different cases are sentenced at the

same time, as happened here, and reads, in substance:

> 2.1b  The defendant has the following additional current convictions listed under
> different cause numbers used in calculating the offender score:

---

[3] http://www.courts.wa.gov/forms/?fa=forms.static&staticID=14
#CertofRestoreofOpp.

| Crime | Cause Number | Court (county & state) | DV* Yes |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

**\* DV:Domestic Violence was pled and proved.**

Form WPF CR 84.0400 A2.1 (some emphasis added) (some boldface omitted). This appears to be the table imported into Mr. Phillips's judgments and sentences in this case and in case no. 16-1-00740-0, the second degree assault conviction that was sentenced earlier the same day.

The felony judgment and sentence in the second degree assault case, no. 16-1-00740-0, discloses that domestic violence was alleged and proved in that case. *See* CP at 46. The criminal history in that judgment and sentence also indicates, by asterisks, that domestic violence had been pleaded and proven when Mr. Phillips was sentenced for felony violation of a no contact order in March 2013 and when he was sentenced for violation of a no contact order, a gross misdemeanor, in November 2011. *See* CP at 48. There is no indication that domestic violence was pleaded and proven when he was sentenced for felony harassment in March 2013. *See id.*

In the judgment and sentence in this case, however, the sole asterisk appears misplaced. Although an asterisk is supposed to signify that domestic violence was pleaded and proven, an asterisk appears next to only Mr. Phillips's March 2013 felony harassment conviction. This is identical to the placement of the single asterisk in the

9

signed criminal history included in the September 2016 amended offer letter to Mr.

Phillips reproduced above; there, however, one can see that the asterisk signified that Mr.

Phillips was serving community custody ("Confirmed on CC") at the time of his offense.

CP at 16. It appears likely that the criminal history table from the amended offer letter

was "cut and pasted" into Mr. Phillips's felony judgment and sentence without realizing

that an asterisk signified something different in the two tables. We doubt that domestic

violence offenses were double counted in error.

*A single offense that will go unpunished because of multiple current*
*offenses is sufficient for application of the free crimes aggravator*

Mr. Phillips's second assigned error is that his exceptional sentence was not

authorized by statute. Generally, sentences for multiple current offenses, other than

serious violent offenses, run concurrently. RCW 9.94A.589(1)(a)-(b). Consecutive

sentences for multiple current offenses are thus exceptional. *State v. Newlun*, 142 Wn.

App. 730, 735 n.3, 176 P.3d 529 (2008). They may only be imposed under the

exceptional sentence provisions of RCW 9.94A.535. RCW 9.94A.589(1)(a).

Mr. Phillips argues that properly construed, RCW 9.94A.535(2)(c), the statutory

aggravator on which the sentencing court relied, applies only when, as a result of a

defendant's high offender score, more than one current offense will go unpunished. In

his case, only one crime would have gone unpunished.

10

A sentence outside the standard sentence range for an offense is subject to appeal. RCW 9.94A.585(2). To reverse such a sentence, we must find "(a) [e]ither that the reasons supplied by the sentencing court are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the standard sentence range for that offense; or (b) that the sentence imposed was clearly excessive or clearly too lenient." RCW 9.94A.585(4). Where the challenge is to the trial court's authority to impose an exceptional sentence for the reasons it identifies, our review is de novo. *State v. France*, 176 Wn. App. 463, 469, 308 P.3d 812 (2013) (citing *State v. Law*, 154 Wn.2d 85, 93, 110 P.3d 717 (2005)).

RCW 9.94A.535(2)(c) provides that the trial court may impose an aggravated exceptional sentence where "[t]he defendant has committed multiple current offenses and the defendant's high offender score results in some of the current offenses going unpunished." The possibility of an offense going unpunished arises because a standard range sentence reaches its maximum at an offender score of "9 or more." RCW 9.94A.510. As a result, where a defendant has multiple current offenses that result in an offender score greater than 9, further increases in the offender score do not increase the standard sentence range. *France*, 176 Wn. App. at 468.

Focusing on the statute's reference to "*some of* the current offenses going unpunished" and citing a dictionary's definitions, Mr. Phillips asserts that as a quantifier, "some of" means "a few of them" and "'a few' is used to indicate a small number of

11

people or things." Br. of Appellant at 13-14. From this, he argues that "*some* of the current offenses" in RCW 9.94A.535(2)(c) cannot mean "*one* of the current offenses." Because the State's argument at his sentencing hearing was that only the one crime charged in this case would go unpunished by a standard range sentence, Mr. Phillips argues that the free crimes aggravator could not apply.

We can accept the definitions cited by Mr. Phillips and still conclude that "a small number of . . . things" can be one thing. And among definitions for "some" provided by another dictionary are "**2 :** being *one*, a part, or an unspecified number of something (such as a class, group, species, collection, or range of possibilities) named or contextually implied," and "**4 :** being *one of*, one kind of, or an undetermined proportion of **:** being always at least one but often a few and sometimes all of." MERRIAM-WEBSTER UNABRIDGED DICTIONARY 2171 (1993) (some emphasis added). When we think about quantities that do not qualify as "some," we think of "all" and "none." By contrast, "one" plainly qualifies as "some."

In *France*, this court construed the free crimes aggravator, pointing out that our primary duty is to ascertain and carry out the legislature's intent and that we begin with plain meaning. 176 Wn. App. at 469. "[A] statute is not ambiguous merely because different interpretations are conceivable." *Id.* at 470.

Given the commonly understood meaning of "some," RCW 9.94A.535(2)(c) applies where a defendant's high offender score would allow one crime to go unpunished.

12

No. 35113-1-III
*State v. Phillips*

And were we to resort to canons of statutory construction, a canon that applies here is that we will not infer a legislative intent to make arbitrary distinctions. *Guinness v. State*, 40 Wn.2d 677, 693-94, 246 P.2d 433 (1952) (Donworth, J., dissenting). It would be an arbitrary distinction for the legislature to allow one crime to go unpunished, but not two.

Mr. Phillips's sentence is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Siddoway, J.

WE CONCUR:

Lawrence-Berrey, C.J.

Fearing, J.

13