IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| In the Matter of the Personal Restraint of | No. 78242-8-I |
|---|---|
| | DIVISION ONE |
| DUNG HOANG LE, | UNPUBLISHED OPINION |
| Petitioner. | FILED: January 21, 2020 |

CHUN, J. — In 1993, a jury convicted Dung Hoang Le of first degree felony murder and, in the alternative, second degree intentional murder. In this personal restraint petition (PRP), Le argues that the trial court's inclusion of the alternative conviction violates his right to be free of double jeopardy. He contends we should vacate his exceptional sentence and remand for resentencing. While the State concedes the double jeopardy violation, it asserts that we should not disturb Le's exceptional sentence. We accept the State's concession and remand to the trial court to vacate the second degree intentional murder conviction and to strike any reference to it in Le's Judgment and Sentence and the trial court's Findings of Fact and Conclusions of Law on Imposition of Exceptional Sentence (FFCL). But because the record clearly indicates that the trial court would have imposed the same sentence even without the alternative conviction, we decline to remand for resentencing.

I. BACKGROUND

In 1993, a jury convicted Le of the murder of Mayme Lui.[1] On the first count,[2] the jury convicted Le of first degree felony murder predicated on the commission of burglary and robbery and, in the alternative, the lesser included crime of intentional murder in the second degree.

At sentencing, Le's standard range was 261-347 months. The court, however, imposed an exceptional sentence of 840 months. In the Judgment and Sentence, the "Current Offense(s)" section stated that the count 1 crimes were "Murder 1st Degree and murder 2° (intentional)." The "Exceptional Sentence" section provided that "[s]ubstantial and compelling reasons exist which justify a sentence above/below the standard range for Count(s) I (murder 1°)." Finally, the Judgment and Sentence provided that the court sentenced Le to 840 months on count I and 17 months (which was within the standard range) on count 2, with the sentences to run concurrently.

The court entered written findings in support of the exceptional sentence. The second finding stated, "The murder victim, Mayme Lui, was particularly vulnerable and incapable of resistance to the defendant's attack, and the defendant knew or should have known that fact." It further stated that "[t]he attack on Mayme Lui manifested deliberate cruelty and gratuitous violence to the victim." The second conclusion of law provided, "Particular vulnerability of the

---

[1] We discussed the underlying facts of Le's 1992 crime in the unpublished opinion from his direct appeal. State v. Le, noted at 82 Wn. App. 1010, 1996 WL 312492 (Le I).

[2] This PRP does not raise any issues regarding count 2.

victim is an aggravating factor for sentencing purposes under RCW 9.94A.390(2)(b). Deliberate cruelty to the victim is an aggravating factor for sentencing purposes under RCW 9.94A.390(2)(a)."

## II. ANALYSIS

### A. Double Jeopardy

Le argues that including his alternative conviction for second degree intentional murder in his Judgment and Sentence violates his right to be free of double jeopardy. The double jeopardy provisions in both our federal and state constitutions prevent the justice system from punishing a person twice for the same offense. State v. Turner, 169 Wn.2d 448, 454, 238 P.3d 461 (2010) (citing U.S. CONST. amend. V; WASH. CONST. art. I, § 9). Washington case law is clear that while the State may charge and try a defendant on alternative charges, "a defendant convicted of alternative charges may be judged and sentenced on one only." State v. Trujillo, 112 Wn. App. 390, 411, 49 P.3d 935 (2002). "[W]here the jury returns a verdict of guilty on each alternative charge, the court should enter a judgment on the greater offense only and sentence the defendant on that charge without reference to the verdict on the lesser offense." Trujillo, 112 Wn. App. at 411.

The State concedes that entering judgment and sentencing Le for both first degree felony murder and second degree intentional murder violated double jeopardy. We accept the State's concession and remand to the trial court to vacate the second degree intentional murder conviction and strike any reference to it in Le's Judgment and Sentence and the FFCL.

B. Resentencing

Le next argues that the double jeopardy violation requires resentencing because the trial court based its exceptional sentence, at least in part, on the intentional murder conviction. The State claims in response that the record clearly shows that the trial court would have imposed the same sentence even without the double jeopardy violation. We agree with the State.

Generally, we must remand for resentencing when the trial court places significant weight on an inappropriate factor when imposing an exceptional sentence, or where some factors are inappropriate and the exceptional sentence significantly deviates from the standard range. State v. Pryor, 115 Wn.2d 445, 456, 799 P.2d 244 (1990), overruled on other grounds by State v. Ritchie, 126 Wn.2d 388, 395, 894 P.2d 1308 (1995). But resentencing is not necessary if the record clearly indicates that the sentencing court would have imposed the same sentence anyway. State v. Parker, 132 Wn.2d 182, 189, 937 P.2d 575 (1997). For instance, courts have declined to remand for resentencing where an incorrectly calculated offender score did not affect the standard range. State v. Kilgore, 141 Wn. App. 817, 824-25, 172 P.3d 373 (2007) (where appellate court reversed two of seven convictions, trial court did not err by not resentencing on the affirmed convictions). Courts also need not remand for resentencing of an exceptional sentence "'where the reviewing court overturns one or more aggravating factors but is satisfied that the trial court would have imposed the same sentence based upon a factor or factors that are upheld.'" State v. Saltz, 137 Wn. App. 576, 585, 154 P.3d 282 (2007) (quoting State v. Hughes, 154

Wn.2d 118, 134, 110 P.3d 192 (2005), abrogated on other grounds by Washington v. Recuenco, 548 U.S. 12, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006)) (though trial court improperly considered the "too lenient" factor, the appellate court did not remand for resentencing because the record indicated that the trial court found the rapid recidivism factor to be substantial and compelling when imposing the exceptional sentence); see also State v. Wakefield, 130 Wn.2d 464, 478, 925 P.2d 183 (1996) (declining to remand for resentencing because "even if the trial court initially considered the possibility for early release when imposing the exceptional sentence, it would in all probability impose the same sentence on remand given the circumstances of this case").

Here, while the trial court noted in both the Judgment and Sentence and FFCL that the jury convicted Le of first degree felony murder and second degree intentional murder, the record clearly indicates that the court would have imposed the same sentence had it not included Le's intentional murder conviction in the Judgment and Sentence. In the FFCL, the court never discussed the intentional murder conviction as a justification for the exceptional sentence.[3] Instead, the FFCL provides that the aggravating factors of particular vulnerability of the victim and deliberate cruelty supported the exceptional sentence. See Le I, 1996 WL 312492, at *2 ("The trial court's reasons for the imposition of the exceptional

---

[3] Le claims that "the court focused on the intentional nature of the murder in discussing the deliberate cruelty aggravator." He claims this shows that the court's emphasis was on the intentional murder conviction. But the facts the court addressed in imposing the exceptional sentence are the facts of the murder. And Le cites no authority to support the proposition that, in sentencing for felony murder, the trial court was prohibited from considering these circumstances beyond the elements of the particular crime.

sentence were (1) the particular vulnerability of the victim and (2) deliberate cruelty to the victim."). The majority of the factual findings focus on the facts that demonstrated the particular vulnerability of Lui, and the deliberate cruelty of Le's crime. These factors alone may justify an exceptional sentence. Because vacating Le's alternative conviction does not change these underlying facts, the court would have considered them as aggravating factors when imposing an exceptional sentence even if Le's intentional murder conviction had not been in his Judgment and Sentence.[4]

For these reasons, we decline to remand for resentencing.

Granted in part, denied in part.

_____
Chun, J.

WE CONCUR:

_____          _____
                                  Appelwick, C.J.

---

[4] Moreover, removing the improper intentional murder conviction does not affect the standard range that Le faced at sentencing. Additionally, in Le's Judgment and Sentence, the trial court sentenced Le to 840 months for felony murder but imposed a standard range sentence for the intentional murder conviction.