[No. 31605-2-I.   Division One.   July 18, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. DONALD
WESLEY BUTLER, *Appellant*.

*Adam Shapiro* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Theresa Fricke, Senior Prosecuting Attorney,* for respondent.


PEKELIS, A.C.J. — Donald W. Butler appeals an order of the King County Superior Court imposing an exceptional sentence above the standard range following his guilty plea to one count of robbery in the second degree and one count of attempted rape in the second degree. He contends on appeal that the sentencing court's finding that the victim was particularly vulnerable is not supported by the record. He also contends that the sentencing court improperly based the exceptional sentence on the short time period between his prior incarceration and the commission of the offenses in question, as well as the inadequate deterrent effect of incarceration. We affirm.

On the morning of June 21, 1992, Donald Butler was released from prison after completing his sentence on a 1989 conviction of first degree robbery. The same day, Butler approached a 60-year-old woman, pushed her to the ground, and took her purse. Twenty minutes later, Butler approached another elderly woman, pushed her to the ground, and instructed her to pull down her pants. Butler got on top of the woman, who began screaming. An area resident heard the screaming and came to the woman's assistance. When Butler ran off, the woman's blouse was off her shoulder and several buttons had been unfastened. Butler was apprehended, identified by the victims, and charged with second degree robbery and second degree attempted rape.

Butler pleaded guilty to both charges. Given his offender score of 5, the standard range sentence for the robbery count was 22 to 29 months, and the standard range for the attempted rape count was 57.75 to 76.5 months.

The prosecutor recommended an exceptional sentence of 60 months on count 1 and 120 months on count 2. According to the State's "Justification for Exceptional Sentence" form, the reasons for the departure were as follows:

(1) The victim of ct. II was particularly vulnerable due to her age (80 yrs. old)[.]

(2) These crimes were committed 12 hours after the defendant's release from DOC on a prior robbery. He poses an extreme risk to the community.

At Butler's sentencing hearing on September 25, 1992, the prosecutor explained that the recommendation was

based on the vulnerability of the victim on Count 2 by virtue of her age, which I had read at the time to be 80, but the Department of Corrections presentence report indicates it's even older than that, it indicates she was 89 years-old.

The other basis upon which the State is requesting an exceptional sentence is that these crimes occurred the same day literally that he was released from the Department of Corrections, and as such, indicates that he is an imminent and serious danger to the community, that he really can't even go for a day without committing two really serious crimes in short order, and the State does not believe that the standard range adequately protects the community nor reflects the degree of culpability of Mr. Butler.

Butler asked for a sentence within the standard range. Defense counsel argued that there was no factual basis for a finding of future dangerousness because there was neither evidence of a history of similar sex offenses nor evidence of nonamenability to treatment. Counsel then noted that "[a]t this point we are not even sure how old the victim is, and the vulnerability of the victim."

The court then asked the prosecutor "about the[] argument regarding future dangerousness". She conceded that the facts could not satisfy *Pryor*,[1] but offered the following explanation:

I guess I am looking at the future dangerousness in a different kind of sense . . . [T]he fact that he has been in prison and just got out a few hours ago, has had no deterrent effect on him whatsoever, so I am looking at it in that sense, not in the Pryor sense, which I have to concede . . ., but that's not the way I am looking at it.

---

[1]*State v. Pryor*, 115 Wn.2d 445, 799 P.2d 244 (1990).

As for the victim vulnerability issue, the prosecutor added that "the victim on Count 2 was born in October of 1902, she is 89 years-old and . . . if we want to continue to have her come in and say that, I suppose we could, but if that's not a vulnerable victim of an attempted rape, I don't think there is any other."

The court imposed an exceptional sentence, finding that "the victim of Count 2 was particularly vulnerable due to her age, as recited by [the prosecuting attorney]". The court also found that "the crimes were committed within 12 hours after defendant's release from the Department of Corrections on a prior robbery". The court imposed a 60-month sentence on count 1 and a 120-month sentence on count 2. The following written findings and conclusions were entered:

### I. Findings of Fact

1) The victim of count II was 89 years of age[.]

2) The crimes occurred with [sic] 12 hours of the defendant's release from DOC[.]

### II. Conclusions of Law

1) The victim of count II was particularly vulnerable to the defendant's attempted rape due to her advanced age.

2) The defendant is particularly culpable by virtue of the rapidity with which he reoffended; prior DOC commitment was inadequate deterrence to violent crime.

Butler appeals the exceptional sentence.

Initially, Butler contends that the particular vulnerability justification is unsupported because the record does not establish the victim's age. The Sentencing Reform Act of 1981 limits the information that can be used at sentencing as follows:

> In determining any sentence, the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing. Acknowledgement includes not objecting to information stated in the presentence reports. Where the defendant disputes material facts, the court must either not consider the fact or grant an evidentiary hearing on the point.

RCW 9.94A.370(2). According to Butler, he objected to the information used as the basis for the trial court's finding

regarding the victim's age, and consequently the court was precluded from relying on it by RCW 9.94A.370(2).

■ The record does not reveal an objection to information in the presentence report. "[I]n order to dispute any of the information presented for consideration at a sentencing hearing, a defendant must make a timely and specific challenge." *State v. Garza*, 123 Wn.2d 885, 890, 872 P.2d 1087 (1994). The statement "[a]t this point we are not even sure how old the victim is" merely identifies an inconsistency between the age cited in the State's "Justification for Exceptional Sentence" form and the information in the presentence report. At sentencing, however, the prosecutor recognized this inconsistency and deferred to the presentence report.[2] If Butler wished to affirmatively challenge the presentence report based on this inconsistency, he was obliged to give notice before the sentencing hearing that it would be controverted by the production of evidence. *Garza*, at 890 (citing CrR 7.1(c)).

Moreover, Butler failed to request an evidentiary hearing, even after the prosecutor offered to have the victim testify. By failing to demand an evidentiary hearing to refute information contained in a presentence report, a defendant acknowledges that he is unable to controvert the facts as set forth in the report. *Garza*, at 890-91. Rather than request a hearing, defense counsel said nothing, which is insufficient to establish entitlement to an evidentiary hearing under RCW 9.94A.370(2). *See State v. Sims*, 67 Wn. App. 50, 59, 834 P.2d 78 (1992) (no error where sentencing judge expressly invited defense counsel to dispute any of the State's factual assertions, but she did not do so), *review, denied*, 120 Wn.2d 1028 (1993).

Next, Butler contends that "a person's advanced age does not render that person *per se* particularly vulnerable". When analyzing victim vulnerability, the court asks: "Was the victim more vulnerable to the offense than other victims and did the defendant know of that vulnerability?" *State v. Vermillion*, 66 Wn. App. 332, 349, 832 P.2d 95 (1992), *review*

---

[2]The certification for determination of probable cause also indicates that the victim in count 2 was 89 years old.

*denied*, 120 Wn.2d 1030 (1993). Butler concedes that particular vulnerability by reason of advanced age is an express statutory aggravating factor. *See* RCW 9.94A.390(2)(b); *State v. Scott*, 72 Wn. App. 207, 217, 866 P.2d 1258 (1993). However, Butler contends that this factor supports an exceptional sentence only where the State shows that the particular victim, by virtue of his or her age, was rendered more vulnerable to the crime in question than other victims.

On several occasions, the Court of Appeals has approved a sentencing court's reliance on advanced age alone to support a finding of victim vulnerability in rape cases. *State v. Hicks*, 61 Wn. App. 923, 930, 812 P.2d 893 (1991) (where victim was over 70, exceptional sentence justified); *State v. Clinton*, 48 Wn. App. 671, 676, 741 P.2d 52 (1987) (67-year-old rape victim "was particularly vulnerable due to her age").

Butler contends that *State v. Chadderton*, 119 Wn.2d 390, 832 P.2d 481 (1992) has changed the analysis. In *Chadderton*, the defendant had been convicted of first degree manslaughter for recklessly causing the death of a nursing home patient under his care. In his guilty plea, the defendant admitted that he had "thrust[] [the victim] into a chair too roughly"; as a result, her hip was broken, which injury proximately contributed to her death. 119 Wn.2d at 393. The sentencing court imposed an exceptional sentence based on, *inter alia*, the victim's vulnerability.

On appeal, the Supreme Court remanded to the trial court for further factual development because it could not determine whether the factor of victim vulnerability was "substantial and compelling":

> [I]t is possible that Chadderton's conduct, while reckless, was not so egregious as to warrant an exceptional sentence twice the minimum standard sentence range. Mrs. Blake's hip may have broken simply because Chadderton forcefully placed her in her chair, or it may have broken because Chadderton brutally hurled her into her chair from a distance of several feet. The former would not warrant an exceptional sentence, whereas the latter would. Consequently, we cannot conclude as a matter of law that Mrs. Blake's vulnerability . . . justif[ies] [Chadderton's] enhanced sentence.

119 Wn.2d at 399-400.

*Chadderton* is clearly distinguishable. In that case, the victim vulnerability analysis required factual particularity because criminal recklessness can encompass a range of behaviors, only some of which would render a victim especially vulnerable.

■ In other contexts, however, findings of particular vulnerability based solely on advanced age have been approved in post-*Chadderton* opinions of this court. *See State v. George*, 67 Wn. App. 217, 221-22, 834 P.2d 664 (1992) (robbery, assault, and rape), *review denied*, 120 Wn.2d 1023 (1993); *Scott*, 72 Wn. App. at 217 (in murder prosecution, particular vulnerability exists "where the victim [is] elderly and the defendant young") (citing *George; Hicks*). In a case such as this of attempted forcible rape, advanced age in itself renders a crime victim particularly vulnerable.

Here, the 89-year-old victim was clearly of advanced age and the perpetrator (27 years of age at the time of the offense) was relatively young. Butler does not contend that he did not know of the victim's advanced age.[3] We hold that the age of the victim sufficed to support imposition of an exceptional sentence on the basis of particular vulnerability.

Next, Butler challenges the sentencing court's reliance on his rapid recidivism and the failure of his prior incarceration to deter him from committing crime, both encompassed by conclusion of law 2.

Butler argues that consideration of recidivism constitutes an improper consideration of criminal history. *See, e.g., State v. Nordby*, 106 Wn.2d 514, 518 & n.4, 723 P.2d 1117 (1986) (sentencing judge may not use offender's criminal history as a reason to justify an exceptional sentence because criminal history is one of the components necessarily considered by the Legislature in computing the presumptive range). According

---

[3]Butler argues that evidence of the victim's attempt to resist vitiates the vulnerability finding. In *State v. Drummer*, 54 Wn. App. 751, 775 P.2d 981 (1989), relied on by Butler, there was evidence that the 63-year-old felony murder victim "was a vigorous robust man" who was regularly involved in physical fights and had " 'beat up' a 20-year-old male". 54 Wn. App. at 758. The limited evidence of the victim's attempt to resist in this case comes nowhere near the facts of *Drummer*.

to Butler, the fact that a defendant reoffends merely establishes the existence of prior crimes, which is already part of the offender score component of the standard range.

▮ The trial court's findings here are distinguishable from mere criminal history, however. In considering Butler's *rapid* recidivism, the trial court focused on the especially short time period between prior incarceration and reoffense, a factor not contemplated in setting the standard range. As explained in *George*, an exceptional sentence is justified if the circumstances of the crime indicate a greater disregard for the law than otherwise would be the case. 67 Wn. App. at 224. Here, Butler's immediate reoffense, within hours of his release, reflects a disdain for the law so flagrant as to render him particularly culpable in the commission of the current offense.

Thus, we hold that the commission of a crime shortly after release from incarceration on another offense may properly be used to distinguish that crime from others in the same category. Hence, under circumstances such as those in the present case, rapid recidivism constitutes a sufficiently substantial and compelling reason to justify the imposition of an exceptional sentence.

Butler also argues that the sentencing court used the phrase "inadequate deterrence" to conceal its consideration of future dangerousness.[4] An aggravating factor that in substance permits the court to consider a defendant's future dangerousness is invalid when used to determine whether an exceptional sentence is justified. *See State v. Bolton*, 68 Wn. App. 211, 217, 842 P.2d 989 (1992). The desire to deter future crime is difficult to distinguish from a concern for public safety, which cannot be relied upon as an aggravating sentencing factor. *State v. Post*, 118 Wn.2d 596, 616, 826 P.2d 172, 837 P.2d 599 (1992). Therefore, enhancing a sentence

---

[4]It is undisputed that there is no factual basis for an exceptional sentence based on future dangerousness under the *Pryor* line of authority. The record neither indicates a history of similar acts of sexual deviancy, nor contains any indication that Butler is nonamenable to treatment.

for the purpose of deterrence would be an impermissible basis upon which to impose an exceptional sentence.

Here, however, it is unlikely that the sentencing court was referring to this impermissible deterrence rationale. Rather, the court seemed to be focusing on the failure of incarceration to deter Butler from immediately reoffending, thus bolstering its finding that Butler's rapid recidivism made him particularly culpable. Hence, we conclude that the court's consideration of deterrence was not improper under the circumstances.

Affirmed.

BAKER and KENNEDY, JJ., concur.

Review denied at 125 Wn.2d 1021 (1995).