232 P.3d 1179 (2010)
STATE of Washington, Respondent,
v.
Joshua C. COMBS, Appellant.
No. 28370-4-III.
Court of Appeals of Washington, Division 3.
June 17, 2010.
*1180 David L. Donnan, Lila Jane Silverstein, Washington Appellate Project, Seattle, WA, for Appellant.
Teresa Jeanne Chen, Attorney at Law, Soap Lake, WA, Benjamin Curler Nichols, Asotin County Prosecutor's Office, Asotin, WA, for Respondent.
KORSMO, J.
¶ 1 Joshua Combs pleaded guilty to eluding a police officer six months after he was released from prison on a drug possession charge. The trial court imposed an exceptional sentence on the basis of a finding of "rapid recidivism." We reverse.

FACTS
¶ 2 Joshua Combs was released from prison to community custody on January 16, 2009, after serving 19 months of a 24-month sentence for possession of methamphetamine. Prior to his release from prison, he was arraigned in Asotin County on a felony charge.[1] A bond was set and conditions of release were imposed. Sometime later, Mr. Combs allegedly violated the conditions of release and a warrant was issued for his arrest.
¶ 3 On July 18, 2009, Clarkston police observed Mr. Combs driving in excess of 90 mph on Chestnut Street in Clarkston. They attempted to stop him, but he successfully evaded the officers. Charges of attempting to elude a pursuing police vehicle, reckless driving, and third degree driving while license suspended were filed under Asotin County No. 09-1-00118-0. The charging document also alleged that the aggravating factor of rapid recidivism applied to the eluding offense.
¶ 4 Mr. Combs reached a plea agreement with the prosecutor. He waived his right to a jury trial on the aggravating factor and entered a plea of guilty to the eluding charge while allowing the judge to decide if the aggravating factor applied to his case. The two driving offenses were dismissed, as was the unidentified felony offense in No. 09-1-00001-0. With an offender score of 10, Mr. Combs faced a standard range of 22-29 months on the eluding charge. He sought a standard range term; the plea agreement allowed the prosecutor to seek an exceptional sentence for rapid recidivism.
¶ 5 After hearing argument, the trial court concluded that the rapid recidivism aggravating factor did apply to Mr. Combs' conduct. The court imposed an exceptional sentence of 35 months. Mr. Combs then timely appealed to this court.

ANALYSIS
¶ 6 Mr. Combs makes several arguments that we need not address because we agree with his legal conclusion: the rapid recidivism factor does not apply to an attempting *1181 to elude offense committed six months after release from incarceration.
¶ 7 The aggravating factor is found in RCW 9.94A.535(3)(t): "The defendant committed the current offense shortly after being released from incarceration." An appellate court reviews de novo a trial court's determination that an aggravating factor justifies an exceptional sentence. RCW 9.94A.585(4); State v. Law, 154 Wash.2d 85, 94, 110 P.3d 717 (2005).
¶ 8 Two published cases have dealt with the issue of rapid recidivism.[2] The first case was State v. Butler, 75 Wash.App. 47, 876 P.2d 481 (1994), review denied, 125 Wash.2d 1021, 890 P.2d 463 (1995). There the defendant, in separate events, committed second degree robbery and an attempted second degree rape on the same day[3] that he was released from prison after serving a sentence for first degree robbery. The court upheld the exceptional sentence.
Thus, we hold that the commission of a crime shortly after release from incarceration on another offense may properly be used to distinguish that crime from others in the same category. Hence, under circumstances such as those in the present case, rapid recidivism constitutes a sufficiently substantial and compelling reason to justify the imposition of an exceptional sentence.
Butler, 75 Wash.App. at 54, 876 P.2d 481.
¶ 9 The issue was next visited in State v. Saltz, 137 Wash.App. 576, 154 P.3d 282 (2007). There the defendant, on the 30-day anniversary of his release from jail after serving a sentence for violating a no-contact order, committed malicious mischief against the same victim. Id. at 579, 585, 154 P.3d 282. He stipulated that the conduct was committed "shortly after being released from incarceration." Id. at 585, 154 P.3d 282. This court agreed that the short period of time between offenses and the fact that it involved the same victim and was similar to the crime of prior incarceration "shows the disregard for the law referenced in Butler." Id. The exceptional sentence was affirmed. Id. at 586, 154 P.3d 282.
¶ 10 Mr. Combs essentially argues that Butler and Saltz set the boundaries for what constitutes rapid recidivisma period of time not exceeding 30 days and some connection between the former crime and the current one. We disagree. As described in Butler, the gravamen of the offense is disdain for the law. 75 Wash.App. at 54, 876 P.2d 481. The statutory requirement, however, is that the new current offense be committed "shortly after being released from incarceration." RCW 9.94A.535(3)(t). The statute does not require a connection between the offenses and we do not read the cases as requiring one. Instead, the noted connections (similarity of offenses or victims) were simply additional evidence of disregard for the law.
¶ 11 Nonetheless, we agree with Mr. Combs that an eluding offense committed six months after release from prison for drug possession is not an offense committed "shortly after being released." Six months is not a short period of time. We do not set an outer time limit on what constitutes a short period of time. That period will vary with the circumstances of the crime involved. Some offenses require a lengthy period of time to plan or come to fruition. In other instances, an offender might not have immediate access to the means of committing a crime or might not have had the opportunity to reoffend before he did so.[4] Under different *1182 circumstances, six months might constitute a short period of time.
¶ 12 This case, however, does not present those circumstances. Attempting to elude typically is an impulse crime brought about by circumstances. There was no planning or premeditation. Mr. Combs had been released from custody and was present in Asotin County for six months before this offense. This was not rapid recidivism.[5]
¶ 13 The exceptional sentence is reversed and the case remanded for sentencing within the standard range.
WE CONCUR: KULIK, C.J., and SWEENEY, J.
NOTES
[1] The record on appeal does not identify the charge(s) filed in Asotin County No. 09-1-00001-0.
[2] The factor was also discussed in State v. Hughes, 154 Wash.2d 118, 141-142, 110 P.3d 192 (2005). There the court reversed an exceptional sentence for lack of a jury determination that the aggravating factor existed. In that case the defendant, less than three months after being released from custody, had committed the same offense against the same victim. Id. at 141. Hughes did not discuss the validity of the factor, but only discussed how it needed to be proven.
[3] It was alleged the first offense occurred 12 hours after release from prison. 75 Wash.App. at 49, 876 P.2d 481.
[4] If, for instance, Mr. Combs had been delayed in returning to Asotin County from prison or living under close supervision at a work release facility and committed a crime in his first opportunity to do so, it could conceivably constitute rapid recidivism. We leave other fact patterns for other cases.
[5] We appreciate the parallels between appellate court review of a legal conclusion in this area and Justice Potter Stewart's famous definition of pornography: "I know it when I see it." Jacobellis v. Ohio, 378 U.S. 184, 197, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1964).