IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30004-8-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ADELELMO BELTRAN, JR., | ) | |
| | ) | |
| Appellant. | ) | |

KORSMO, C.J. — Adelelmo Beltran Jr. challenges his exceptional sentence, arguing that the rapid recidivism factor is unconstitutionally vague. We disagree and affirm the conviction and sentence.

## FACTS

Mr. Beltran was charged with custodial assault after he fought with community corrections officers around 6:00 p.m. on February 9, 2011. He had been released from the Grant County Jail the previous day at 11:50 a.m. after completing a sentence on a third degree assault conviction. One condition of that judgment and sentence was that he was to have no contact with his brother, Gumaro Beltran Santos.

The two corrections officers, accompanied by three officers from the Quincy Police Department, performed a home visit in Quincy the day following his release. Mr. Beltran answered the door and admitted to the officers that his brother was inside the residence. The community corrections officers advised Mr. Beltran he was under arrest for violating the no contact order. A fight ensued.

Mr. Beltran was charged with two counts of third degree assault of the corrections officers, felony harassment, resisting arrest, and violation of the no contact order. The prosecutor also sought an exceptional sentence on the felony offenses due to rapid recidivism. The harassment charge was dismissed during trial. The jury convicted on one of two counts of custodial assault and acquitted on the other count. The jury also found Mr. Beltran guilty of resisting arrest and violating the no contact order. The jury also unanimously returned a special verdict that found that the custodial assault had been committed shortly after release from incarceration.

The trial court sentenced Mr. Beltran on the custodial assault count to the top end of the standard range, 12 months, and imposed an additional 12 months due to the rapid recidivism finding. The other counts received lesser concurrent sentences. Mr. Beltran timely appealed to this court.

ANALYSIS

Both of Mr. Beltran's issues attack the 24-month sentence for custodial assault due to the rapid recidivism finding. In particular, he argues that the aggravating factor is unconstitutionally vague and that the jury was erroneously instructed on the need to reach unanimity on the special verdict.

RCW 9.94A.535(3)(t) provides that it is an aggravating factor that "[t]he defendant committed the current offense shortly after being released from incarceration." Mr. Beltran argues that the words "shortly after" give insufficient notice and are therefore vague. This court has previously rejected this argument.

A statute is unconstitutionally vague if (1) it does not define the offense with sufficient definiteness so that ordinary people can understand what conduct is prohibited, or (2) it does not provide ascertainable standards of guilt to protect against arbitrary enforcement. *City of Spokane v. Douglass*, 115 Wn.2d 171, 178, 795 P.2d 693 (1990). The reviewing court presumes that a statute is constitutional, and the party challenging the statute's constitutionality bears the burden of proving the statute's invalidity beyond a reasonable doubt. *City of Seattle v. Eze*, 111 Wn.2d 22, 26, 759 P.2d 366 (1988).

This court most recently considered RCW 9.94A.535(3)(t) in *State v. Zigan*, 166 Wn. App. 597, 270 P.3d 625, *review denied*, 174 Wn.2d 1014 (2012). There the defendant challenged on vagueness grounds application of the rapid recidivism factor to a

3

vehicular homicide which occurred two months after he was released from prison. *Id.* at 600, 603. This court ruled that while the statute requires some subjective evaluation, it was not unconstitutionally vague. *Id.* at 605. We concluded that "[n]o reasonable person could believe that the circumstances presented here constitute anything other '[t]han the defendant committed the current offense shortly after being released.'" *Id.* (second alteration in original) (quoting RCW 9.94A.535(3)(t)).

Our courts have considered RCW 9.94A.535(3)(t) and the term "shortly after" on multiple occasions. *See, e.g., State v. Williams*, 159 Wn. App. 298, 320, 244 P.3d 1018 (rejecting vagueness challenge and upholding exceptional sentence where current third degree assault was committed within 24 hours of release on a prior third degree assault conviction), *review denied*, 171 Wn.2d 1025 (2011); *State v. Combs*, 156 Wn. App. 502, 506, 232 P.3d 1179 (2010) (holding that an eluding offense committed six months after release from prison was not an offense committed "shortly after being released"); *State v. Saltz*, 137 Wn. App. 576, 585, 154 P.3d 282 (2007) (affirming exceptional sentence where the defendant committed malicious mischief 30 days after release); *State v. Butler*, 75 Wn. App. 47, 55, 876 P.2d 481 (1994) (upholding exceptional sentence where defendant committed two offenses on the same day he was released from prison).

These cases bear out our observation in *Combs* that "what constitutes a short period of time" necessarily "will vary with the circumstances of the crime involved."

4

156 Wn. App. at 506. *Williams* is very close factually to this case. There a third degree assault committed 24 hours after release from a sentence on another third degree assault was "shortly after being released." Similarly here, Mr. Beltran's release from custody on a third degree assault occurred only 30 hours before he committed the similar offense of custodial assault. As with the *Williams* court, we agree that the current offense was committed "shortly after" being released from custody.

Mr. Beltran has failed to meet his burden to show that RCW 9.94A.535(3)(t) is void for vagueness. A statute is not unconstitutional merely because it requires a subjective evaluation. *Douglass*, 115 Wn.2d at 181. Whether an offense is committed "shortly after" release is inherently a factual question left to the trier-of-fact. RCW 9.94A.535(3)(t) is not vague as applied here. An ordinary person would believe that committing any similar new crime within 30 hours of release would be considered "shortly after" under RCW 9.94A.535(3)(t).

Mr. Beltran also argues that the trial court erred in requiring the jury to be unanimous in its special verdict. Subsequent to the filing of the appellant's brief, the Washington Supreme Court unanimously rejected his argument in *State v. Guzman Nuñez*, 174 Wn.2d 707, 285 P.3d 21 (2012). In light of *Guzman Nuñez*, his argument has no merit.

The convictions and sentence are affirmed.

5

No. 30004-8-III
State v. Beltran

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____
Brown, J.

_____
Kulik, J.

6