IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

                Respondent,

      v.

MICHAEL WAYNE BROWN,

                Appellant.

No. 80691-2-I

DIVISION ONE

UNPUBLISHED OPINION

SMITH, J. — Michael Brown appeals his conviction for felony harassment of a criminal justice participant and his exceptional sentence based on rapid recidivism. Brown contends that the court improperly instructed the jury on the crime of harassment, the jury's rapid recidivism finding was not supported by substantial evidence, and the court relied on impermissible reasons to determine the length of his sentence. He also submits a statement of additional grounds for review (SAG). Finding no error, we affirm.

FACTS

On August 16, 2018, Whatcom County Sheriff's Deputy Trevor Vanderveen placed Michael Brown under arrest for assault and transported him to the county jail. Initially, there was "[n]othing to note at all" about Brown's demeanor. Brown was "pleasant and reasonable," and he entered the booking area of the jail "without an issue."

Citations and pin cites are based on the Westlaw online version of the cited material.

Once inside, a jail deputy began asking Brown multiple medical questions as part of the booking process. Frustrated by this process, Brown became "difficult and refused to provide the information." When Vanderveen directed Brown to provide the information and "[q]uit being difficult," "it was kind of like [Brown] flipped a switch" and "moved from difficult to upset, angry, [and] aggressive toward" Vanderveen. Brown told Vanderveen, "[I]f I want to speak my mind, I'll speak my mind." Vanderveen warned Brown, stating, "you might be stepping out of bounds here" and "be careful of what you say next."

According to Vanderveen, Brown then said in a "menacing manner, I'm going to gouge your eyes out, and the only reason that I haven't is because I'm in these handcuffs right now." Next, Brown leaned forward to read the deputy's name tag and said, "okay, Vanderveen, Vanderveen. I'm going [to] find you, Vanderveen, Vanderveen." At that point, the booking process ceased because the situation "escalated," other deputies arrived, and Brown "was still repeating [Vanderveen's] name" as he was placed in a jail cell.

The State charged Brown with one count of felony harassment of a criminal justice participant and sought an aggravator based on rapid recidivism.

At trial, Vanderveen testified to this being probably the only time in his "18-plus years" career that he "arrested somebody for actually threatening" him. He told the jury about believing Brown's threats to be viable and credible. This belief was based, in part, on information Vanderveen knew about Brown from a prior encounter with other deputies:

> [S]o I knew in that situation [a] few months prior, Deputy
> Vandenbos and Deputy York had responded to an incident where

they contacted and were attempting to place Mr. Brown under arrest. They were in a -- he was in the back of a vehicle. They were trying to take him into custody, and when they attempted to do that, he attacked Deputy Vandenbos, and part of the attack was that he took his thumbs and shoved his thumbs kind of on the inside of Deputy Vandenbos' eyes and did try to gouge his eyes out.

Vanderveen detailed that, as a result of Brown's attack, "Deputy Vandenbos went to the hospital, had some vision issues, [and] was out of work for a handful of days." Vanderveen also testified, "I genuinely felt with all the information that I ha[d] that [Brown] could follow through with [his] threat."

The State rested its case after Vanderveen completed his testimony, and Brown neither testified at trial nor called any witnesses in his defense. During the jury instruction conference, the parties proposed differing versions for the definition of "harassment."[1] The court adopted the State's version.

The jury found Brown guilty as charged. The court bifurcated trial on the rapid recidivism aggravator and instructed the jury on the procedure to be followed during that portion of the trial:

> First, the parties have prepared a stipulation or agreement to the facts upon which you may rely in your deliberation. I will read that stipulation to you. "The parties stipulate that the Defendant was released from custody on July 19th, 2018 at 10:33 a.m."
> The Defendant has previously been found to be guilty of harassment. The jury's verdict establishes the existence of those facts and circumstances which are elements of the crime. The jury will now determine whether the following aggravating circumstances exists: Whether the Defendant committed the crime shortly after being released from incarceration.
> Following these instructions, the lawyers will make closing arguments.

---

[1] Though Brown was charged with "felony harassment," the court found appropriate to simply "call it harassment" without the felony modifier.

It is your duty as a jury to decide the facts in this case based upon the evidence presented to you during the prior proceeding. During your deliberations, you should consider the evidence presented to you in the first phase of this case. You should also consider any evidence offered and received during this phase of the case.

The parties then made their closing arguments. The State argued that "[t]he aggravator talks about whether or not the Defendant committed this crime shortly after being released from incarceration, and it is for to you [sic] determine whether or not less than a month is shortly after release." Brown's trial counsel countered, stating, "You're not going to get a definition now of what does 'shortly after release' mean. It's very broad, very vague, very fuzzy, nebulous word, because I think you're probably going to have to look into your heart and see what does that mean?" The jury returned a special verdict finding Brown had committed the crime shortly after being released from incarceration.

During his allocution at sentencing, Brown told the court, "I have every God damn right to be indignant and angry, because the system is corrupt. It's broken. The only people that get served are the police." After the court told Brown "I'm going [to] let you speak if you calm down," Brown recounted his version of the encounter with Vanderveen. Brown continued, speaking about government and police corruption, and refused the court's instructions to stop talking in order to remain at the hearing. The court then had Brown removed from the courtroom.

At that point in the hearing, the court inquired about "opportunity for mental health treatment for Mr. Brown under any sentencing scheme." The court

orally considered and weighed several factors when it imposed Brown's sentence, announcing:

> I'm going to impose a sentence of 18 months in the deputy [sic] of corrections. My hope is that at the department of corrections, Mr. Brown has more of an opportunity to obtain some services that will help him, and keep the community safe for a longer period of time from his threats, because quite frankly, until he started allocuting in this case, I wasn't certain what I wanted to do, and I now am certain that the community's protection, particularly, the law enforcement community, needs protection from Mr. Brown, and that his hatred of law enforcement goes deeper than was initially apparent.

The court concluded by acknowledging that an 18-month sentence "is really twice the bottom of the standard range, and is a significant aggravating sentence."[2] At a subsequent hearing during which Brown was present, the court explained,

> I understand that we have a problem in this community with law enforcement -- in this country with law enforcement sometimes, but your behavior towards specific law enforcement officers is not going to be tolerated, and in this case, I think that the sentence of 18 months is justified based on the aggravating factor that you had recently been released from custody, which the jury found beyond a reasonable doubt.

The court entered findings of fact and conclusions of law regarding an exception sentence and attached them to Brown's judgment and sentence. Brown appeals and filed a SAG.

---

[2] The standard range sentence was 9 to 12 months in prison, but with the rapid recidivism aggravator, the range extended from 9 to 60 months. The State recommended 25.5 months, and Brown's trial counsel said "the high end of 12 months would not be unreasonable."

ANALYSIS

Brown seeks reversal of his conviction and resentencing, arguing that (1) the court improperly instructed the jury on felony harassment, (2) the jury's rapid recidivism finding is not supported by substantial evidence, and (3) the court relied on impermissible reasons to determine the length of his sentence.

## Harassment Instruction

Brown argues that the court failed to properly instruct the jury on the law regarding harassment. We disagree.

### Standard of Review

We review a challenge to a jury instruction de novo, evaluating the jury instruction "in the context of the instructions as a whole." State v. Bennett, 161 Wn.2d 303, 307, 165 P.3d 1241 (2007). "[J]ury instructions are sufficient when, read as a whole, they accurately state the law, do not mislead the jury, and permit each party to argue its theory of the case." State v. Teal, 152 Wn.2d 333, 339, 96 P.3d 974 (2004).

### Discussion

Here, jury instruction 2 informed the jury that the State bore the burden of "proving each element of the crime beyond a reasonable doubt." The "to convict" instruction for harassment, jury instruction 7, accurately stated the elements of the crime and the burden of proof.[3] Jury instruction 9 defined "threat" as follows:

---

[3] That instruction informed, in pertinent part, "the following six elements of the crime must be proved beyond a reasonable doubt:
　　　(1) That on or about August 16, 2018, the defendant knowingly threatened to cause bodily injury immediately or in the future to Trevor Vanderveen;

Threat means to communicate, directly or indirectly, the intent to cause bodily injury in the future to the person threatened or to any other person.

To be a threat, a statement or act must occur in a context or under such circumstances where a reasonable person, in the position of the speaker, would foresee that the statement or act would be interpreted as a serious expression of intention to carry out the threat rather than as something said in jest or idle talk.

Jury instruction 6, based on 11 Washington Practice: Washington Pattern

Jury Instructions: Criminal 36.07.01 (4th ed. 2016) (WPIC), defined

"harassment," as follows:

A person commits the crime of harassment when he, without lawful authority, knowingly threatens to cause bodily injury immediately or in the future to another person and when he by words or conduct places the person threatened in reasonable fear that the threat will be carried out and the threatened person was a criminal justice participant who was performing his or her official duties at the time the threat was made or was a criminal justice participant and the threat was made because of an action taken or decision made by the criminal justice participant during the performance of his or her duties and when the fear from the threat is a fear that a reasonable criminal justice participant would have under all the circumstances.

(2) (a) That Trevor Vanderveen was a criminal justice participant who was performing his or her official duties at the time the threat was made; or

(b) That Trevor Vanderveen was at the time a criminal justice participant and the threat was made because of an action taken or decision made by Trevor Vanderveen during the performance of his duties;

(3) That the words or conduct of the defendant placed Trevor Vanderveen in reasonable fear that the threat would be carried out;

(4) That the fear from the threat was a fear that a reasonable criminal justice participant would have under all the circumstances;

(5) That the defendant acted without lawful authority; and

(6) That the threat was made or received in the State of Washington.

Brown argues that the court failed to provide the jury with a complete and accurate statement of the law because the harassment instruction did not contain the following statutory exception language: "Threatening words do not constitute harassment if it is apparent to the criminal justice participant that the person does not have the present and future ability to carry out the threat."[4] RCW 9A.46.020(2)(b). But we considered and rejected a similar argument in State v. Boyle, 183 Wn. App. 1, 335 P.3d 954 (2014), a case which the parties and court discussed during the jury instruction conference.

In Boyle, a handcuffed defendant told a police officer that someone would kill him and his family. 183 Wn. App. at 5. The defense argued that the jury should have been instructed that the State had to prove both a present and future ability to carry out the threat. Boyle, 183 Wn. App. at 11-12. We determined that the defendant misread the statute: "To the contrary, as the trial court stated, '[T]his sentence is phrased as an exception, not as an element.'" Boyle, 183 Wn. App. at 11 (alteration in original). Thus, we held that statements to a criminal justice participant constitute felony harassment if it is apparent to the participant that the speaker had either the present or future ability to carry out the threat. Boyle, 183 Wn. App. at 11. And we noted, "[c]onversely, if it was apparent to the criminal justice participant that the speaker had either the present ability or the future ability to carry out the threat, the statements would constitute

---

[4] WPIC 36.07.01 contains this language in a bracket and suggests its use is optional, not mandatory. But we also note that WPIC instructions are not the law; they are merely persuasive authority. State v. Mills, 116 Wn. App. 106, 116 n.24, 64 P.3d 1253 (2003), rev'd on other grounds, 154 Wn.2d 1, 109 P.3d 415 (2005).

harassment" and that "RCW 9A.46.020(1), which defines harassment to include threats to cause bodily injury 'immediately or in the future,' is consistent with this conclusion." Boyle, 183 Wn. App. at 11.

Here, as in Boyle, the jury instructions considered as a whole correctly informed the jury that Brown's statements constituted harassment if it was apparent to Vanderveen that Brown had either the present or future ability to carry out the threats.

## Sufficiency of the Evidence

Brown argues insufficient evidence supports the jury's rapid recidivism aggravator finding. We are not persuaded.

### *Standard of Review*

Sufficient evidence supports a conviction if, when viewed in the light most favorable to the State, any rational trier of fact would find the essential elements of the crime beyond a reasonable doubt. State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." Salinas, 119 Wn.2d at 201. On review, we need only to be convinced that substantial evidence supports the State's case. State v. Fiser, 99 Wn. App. 714, 718, 995 P.2d 107 (2000). We defer to the trier of fact on "issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence." Fiser, 99 Wn. App. at 719.

*Discussion*

To establish that the rapid recidivism aggravator applies to a case, the State must establish, and prove "beyond a reasonable doubt," that "[t]he defendant committed the current offense shortly after being released from incarceration." RCW 9.94A.535(3)(t), .537. The statute does not define "shortly after."

Relying on State v. Combs, 156 Wn. App. 502, 232 P.3d 1179 (2010), Brown argues that the "length of time" between the current offense and release from incarceration, without more, is an insufficient basis for imposing an exceptional sentence. He reads Combs to stand for the proposition that, in addition to the length of time, "the fact[ ]finder must consider the people involved, the crimes, and the circumstances giving rise to each incident" to determine whether the evidence supports the aggravator. We reject his argument and interpretation of Combs.

In Combs, the defendant "pleaded guilty to eluding a police officer six months after he was released from prison on a drug possession charge. The trial court imposed an exceptional sentence on the basis of a finding of 'rapid recidivism.'" Combs, 156 Wn. App. at 504. Reversing the exceptional sentence, the Combs court held that "the rapid recidivism factor does not apply to an attempting to elude offense committed six months after release from incarceration." 156 Wn. App. at 505. The Combs court explained that while

> the gravamen of the offense is disdain for the law[,] . . . [t]he statutory requirement, however, is that the new current offense be committed "shortly after being released from incarceration." RCW 9.94A.535(3)(t). The statute does not require a connection

between the offenses and we do not read the cases as requiring one. Instead, the noted connections (similarity of offenses or victims) were simply additional evidence of disregard for the law.

156 Wn. App. at 506 (citation omitted). Contrary to Brown's reading of Combs, the State did not have a burden to prove a connection between the harassment offense and the prior offense for which he had been incarcerated.

Here, the evidence on record establishes that Brown had been released from incarceration on July 19, 2018, and committed felony harassment 28 days later on August 16, 2018. We conclude this was sufficient evidence to support the jury's finding that Brown committed the crime shortly after being released from incarceration. See State v. Saltz, 137 Wn. App. 576, 584-85, 154 P.3d 282 (2007) (defendant's commission of a crime one month after being released from incarceration qualified as "shortly after").

Length of Exceptional Sentence

Brown claims that the court abused its discretion by imposing an excessive 18-month exceptional sentence based on impermissible grounds. But Brown fails to demonstrate error.

*Standard of Review*

We review whether or not a sentence is clearly too excessive or too lenient for an abuse of discretion. State v. Law, 154 Wn.2d 85, 93, 110 P.3d 717 (2005). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. State v. Corona, 164 Wn. App. 76, 78-79, 261 P.3d 680 (2011).

*Discussion*

Brown argues the court orally concluded rapid recidivism was not a sufficient basis in determining the length of the sentence. He claims the oral ruling also shows the court imposed an 18-month sentence based on his conduct at the sentencing hearing and on the court's belief that he needed a longer sentence to obtain mental health services. Even assuming without deciding that these were impermissible grounds, Brown's argument fails because his reliance on the trial court's oral ruling is misplaced.

"A trial court's oral opinion and memorandum opinion are no more than oral expression of the court's informal opinion at the time rendered." State v. Head, 136 Wn.2d 619, 622, 964 P.2d 1187 (1998). An oral ruling is not final and is not binding "unless formally incorporated into the findings, conclusions, and judgment." Head, 136 Wn.2d at 622; Liming v. Teel, 46 Wn.2d 762, 766, 284 P.2d 1110 (1955) ("[A] trial court may change its mind after delivering an oral or written opinion and before making its findings and conclusions."). Though statements may be used to interpret the court's findings, such statements cannot be used to impeach the findings, and they do not constitute proper grounds for assignments of error. Sweeten v. Kauzlarich, 38 Wn. App. 163, 169, 684 P.2d 789 (1984).

If the jury returns a special verdict on aggravating circumstances, like it did here, a court may sentence the offender up to the maximum term allowed for the underlying conviction if it finds the facts alleged and found were sufficiently substantial and compelling to warrant an exceptional sentence.

RCW 9.94A.537(6). When the court imposes a sentence outside the standard range, it "shall set forth the reasons for its decision in written findings of fact and conclusions of law." RCW 9.94A.535.

Here, the court entered written findings of fact and conclusions of law in support of the exceptional sentence. In pertinent part, the court found "that the jury determined, unanmiuosly [sic] and beyond a reasonable doubt, that this offense was committed shortly after defendant was released from incarceration" pursuant to RCW 9.94A.535(3)(t) and concluded that "the facts found are substantial and compelling reasons justifying an exceptional sentence." The written findings do not incorporate any of the court's oral remarks. For this reason, we cannot say the court relied on the oral statements Brown now deems impermissible. We affirm the imposition of the exceptional sentence based on the rapid recidivism aggravating factor.

### SAG

Without elaboration, Brown's SAG states, "No video evidence from jail booking camera, statement from booking deputy . . . on my demeanor, threatening statements from arresting deputy, malicious prosecution."[5] RAP 10.10(c) provides, "the appellate court will not consider a defendant's statement of additional grounds for review if it does not inform the court of the nature and occurrence of alleged errors," and further states that the "court is not obligated to search the record in support of claims made in a defendant's

---

[5] The SAG is handwritten and contains one indecipherable word represented by the ellipses.

statement of additional grounds for review." Brown neither identifies a specific claim of error, discusses the relief he seeks, nor provides any analysis in support of that relief. For these reasons, we deem his SAG unreviewable.

We affirm.

_____

WE CONCUR:

_____     _____