IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 40107-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| ANDREW STAWICKI, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — This appeal asks the court to construe a little used section of the sentencing reform act, RCW 9.94A.535(3)(t), which attaches an aggravator to an offender's sentence if the offender committed the current crime "shortly after being released from incarceration." Andrew Stawicki committed crimes 109 days after being released from prison. He challenges imposition of the aggravator. We affirm

FACTS

On January 19, 2023, the Kittitas County Corrections Center released Andrew Stawicki from confinement after completing his sentence for residential burglary and fourth degree assault, both with domestic violence aggravators. On May 8, 2023, 109 days later, Stawicki accidentally shot himself in the leg. Stawicki called 911 and met law enforcement officers outside his residence. He commented to the officers: "That's why you don't put a gun underneath your pillow." Report of Proceedings (RP) at 266.

Law enforcement officers, knowing that the law prohibited Andrew Stawicki from possessing firearms, searched his home. During the search, officers stopped, obtained a warrant, and seized three firearms, ammunition, and a holster.

In addition to the crimes previously listed, Andrew Stawicki was convicted of unlawful possession of a firearm on December 23, 2021.

PROCEDURE

The State of Washington charged Andrew Stawicki with three counts of unlawful possession of a firearm in the second degree. The State later dismissed one charge because one firearm was nonfunctional. The trial court, in response to a CrR 3.6 motion, suppressed additional evidence because of the unlawfulness of the initial warrantless search of the home. The State's third amended information charged Stawicki with two counts of unlawful possession of a firearm with the rapid recidivism aggravator, found in RCW 9.94A.535(3)(t), added to each count.

The parties agreed to bifurcated trials that separated the underlying offenses of unlawful possession of a firearm from their aggravators. Andrew Stawicki stipulated to his release from the Kittitas County Corrections Center on January 19, 2023. The jury found Stawicki guilty of both counts of unlawful possession of a firearm in the second degree.

Later, the jury considered whether Andrew Stawicki committed the aggravating

circumstance of committing the offenses shortly after being released from incarceration.

The State argued to the jury:

> So, he's released from jail, and 109 days later he has acquired and has in his possession the firearms that you found him guilty of. The State's asking you to answer the question whether that's shortly after being released from incarceration as yes.

RP at 460-61.

Andrew Stawicki argued to the jury that 109 days did not constitute a short period of time.

> I mean, short or long depends on what we're talking about. I mean, short for — I — I would just ask that you give my client the benefit of the doubt that 109 days is not shortly. It's not like he got out of jail and ran out and bought a gun. Okay? I would say that's a — significant amount of time rather than shortly after he was released.

RP 4 at 61. The State offered a brief rebuttal:

> I mean, I guess the question is interpreting what the law is for you, whether it's shortly. Do you want somebody who gets out of jail 109 days later to have two guns? Is that too soon? That's the question you're being asked, and the answer is yes. Thank you.

RP at 462.

The jury found that Andrew Stawicki committed the offenses shortly after his release from incarceration. The superior court sentenced him to concurrent terms of 18 months of confinement for each count of unlawful possession of a firearm in the second degree. Stawicki appeals.

LAW AND ANALYSIS

Rapid Recidivism Aggravator

Andrew Stawicki contends that obtaining firearms and accidentally shooting himself in the leg 109 days after his release from confinement does not make him a rapid recidivist. Thus, he challenges the sufficiency of evidence to convict him of the aggravator.

In a criminal case, the State must prove each element of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 316 (1979). This rule extends to a sentencing aggravator. We test the sufficiency of the evidence by asking whether viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Gordon*, 172 Wn.2d 671, 680, 260 P.3d 884 (2011).

The "rapid recidivism" aggravating circumstance permits a sentencing court to impose an exceptional sentence when the jury finds that "[t]he defendant committed the current offense shortly after being released from incarceration." RCW 9.94A.535(3)(t). The aggravator expresses a core concern over the defendant's "disdain for the law," which increases the culpability for the present offense. *State v. Combs*, 156 Wn. App. 502, 506, 232 P.3d 1179 (2010). In determining rapidity, the factfinder must consider, in addition to the days since release, any similar offenses and the heightened harm or

culpability that pattern indicates. *State v. Saltz*, 137 Wn. App. 576, 584, 154 P.3d 282 (2007). An offender's violation, on release, of the same crime or harm to the same victim shows a disregard for the law. *State v. Hughes*, 154 Wn.2d 118, 141, 110 P.3d 192 (2005); *State v. Saltz*, 137 Wn. App. 576, 585 (2007); *State v. Butler*, 75 Wn. App. 47 (1994). Whether a defendant's conduct qualifies as rapid recidivism depends on the facts of each case. *State v. Combs*, 156 Wn. App. 502, 506 (2010).

The legislature could have written the aggravator to include a set time, such as two months after release, as the cutoff point for the aggravator instead of the language: "shortly after being released from incarceration." Thus, the legislature must have intended the courts to consider more than the duration of time since release from imprisonment.

In *State v. Butler*, 75 Wn. App. 47 (1994), Donald Butler, in separate events, committed second degree robbery and an attempted second degree rape 12 hours after his release from prison after serving a sentence for first degree robbery. The court upheld the exceptional sentence. Butler's immediate reoffense, within hours of his release, reflected a disdain for the law so flagrant as to render him particularly culpable in the commission of the current offense.

In *State v. Saltz*, 137 Wn. App. 576 (2007), the court imposed the aggravator because Gardner Saltz committed his crime one month after release from incarceration.

The State initially incarcerated him on a felony violation of a no-contact order. After his release he contacted the same woman and thereby committed the same crime.

In *State v. Combs*, 156 Wn. App. 502 (2010), this court ruled that six months after release from prison did not constitute a short period of time. The court, in part, relied on the nature of the current crime being attempting to elude a police officer, which the court considered an impulsive crime that entailed no planning or premeditation.

Andrew Stawicki committed his crime 109 days after release, a duration in between the one month in *State v. Saltz* and the six months in *State v. Combs*, although closer to the time in *Saltz*. Stawicki's crime was not impulsive but entailed purposely possessing firearms. One of his previous convictions, fourth degree assault, involved violence, which could be exacerbated by firearms. The State previously convicted Stawicki with unlawful possession of a firearm, the crime he committed in the pending appeal. For these reasons, we conclude a reasonable jury could conclude that Stawicki committed his crimes of unlawful possession of a firearm shortly after release from incarceration.

## Statement of Additional Grounds

In his additional grounds for review, Andrew Stawicki asserts that law enforcement unlawfully searched his home. We need not address this contention because the superior court suppressed the evidence obtained as a result of the unlawful search.

CONCLUSION

We affirm the superior court's imposition of the rapid recidivism aggravator.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Cooney, J.

_____
Lawrence-Berrey, C.J.